**In re Eddie A. MORRIS and Jacqueline S. Morris.**

**GRENCO REAL ESTATE INVESTMENT TRUST, Appellant,**

v.

**Eddie A. MORRIS and Jacqueline S. Morris, Appellee.**

Civ. A. No. 84–0062–C.
Bankruptcy No. 684–00046–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

April 1, 1985.

C. Waverly Parker, Stanardsville, Va., for appellant.

Richard Davis, Charlottesville, Va., for appellees.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This bankruptcy appeal concerns whether a Virginia debtor proceeding under Chapter 13 of the Bankruptcy Code must perfect his homestead exemption, pursuant to Virginia Code Title 34, as a prerequisite to the Bankruptcy Court's considering that exemption in conducting the "best interests of the creditors" test required by Chapter 13. The debtors here, Eddie and Jacqueline Morris, did not file a homestead deed, but merely indicated in their Chapter 13 statement that they would have perfected their homestead exemption if they had proceeded under Chapter 7. The United States Bankruptcy Court for the Western District of Virginia, Charlottesville, Division, in an Order entered on July 24, 1984, ruled that the debtors were not required to file a homestead deed since they were proceeding under Chapter 13. Grenco Real Estate Investment Trust, one of the creditors, now appeals that ruling by the Bankruptcy Court. The parties have submitted briefs and presented oral argument, thus the appeal is now ripe for resolution by the court.

The court determines that the Bankruptcy Court's ruling must be affirmed based on the difference between the purposes of exemptions in a Chapter 7 as opposed to a Chapter 13 proceeding. Under Chapter 7, the purpose of exemptions, particularly the homestead exemption in Virginia Code Title 34, is to provide that following liquidation of the debtor's estate, the debtor retains the requisite assets to get a fresh start. The Chapter 7 debtor loses much of his estate in return for the discharge of his debts. Nevertheless, if the debtor complies with the applicable statutory requirements, he retains possession of certain assets, such as his home, which help him to begin again leading a normal life.

By contrast, the narrow purpose of exemptions under Chapter 13 is to allow the Bankruptcy Court to perform the "best interests of the creditors" test required by 11 U.S.C. § 1325(a)(4). The Chapter 13 debtor must indicate the exemptions he would claim if he were proceeding under Chapter 7. Based on the indicated exemptions and other information provided by the debtor, the Bankruptcy Court makes a comparison between (1) the creditors' position under the proposed Chapter 13 reorganization plan, and (2) the position the creditors would have been in if the debtor had proceeded under Chapter 7. Through this comparison, the Bankruptcy Court determines whether the proposed reorganization plan adequately protects the interests of the creditors and the debtor: However, since there is no actual liquidation under Chapter 13, the indicated exemptions are merely informational; they serve no purpose other than to permit the Bankruptcy Court to perform the above-mentioned comparison based on complete and accurate information.

Since exemptions under Chapter 13 are only informational, no purpose would be served by requiring a Chapter 13 debtor to perfect the exemptions which he would claim if he were proceeding under Chapter 7. Consequently, the Bankruptcy Court correctly ruled that the failure of the Chapter 13 debtors here to perfect their homestead exemption did not prohibit consideration of that exemption in conducting the "best interest of the creditors" test.

Appellant contends that the Bankruptcy Court's ruling impermissibly favors Chapter 13 debtors over Chapter 7 debtors by allowing Chapter 13 debtors to circumvent Virginia Code § 34-21, which makes the homestead exemption exhaustible. The court believes appellant's contention is without merit. Since Chapter 13 involves a reorganization rather than a liquidation of the debtor's estate, the Chapter 13 debtor retains possession of his assets. Therefore, although the Chapter 13 debtor need not perfect his homestead exemption, he derives no benefit from that fact. Conversely, requiring the Chapter 13 debtor to perfect his homestead exemption would result in an unnecessary exhaustion of the

exemption in a proceeding involving no liquidation of the debtor's estate. In short, it is illusory to speak in terms of actual exemptions in a reorganization proceeding; thus, the court affirms the Bankruptcy Court's ruling.

An appropriate Order shall this date issue.