**In re AMT INVESTMENT CORP., Debtor.**

**Bankruptcy No. 85–00978–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Sept. 11, 1985.

William H. Schwarzschild, Richmond, Va., for AMT Inv. Corp.

Kevin R. Huennekens, Richmond, Va., for Bernie Corp.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon AMT Investment Corporation's ("AMT"), Second Application for Use of Cash Collateral of Bernie Corporation ("Bernie"), a creditor of the debtor, pursuant to 11 U.S.C. § 363. This Court, at a hearing conducted on September 6, 1985, based upon the allegations in the pleadings and the statements of counsel makes the following findings and conclusions of law.

## STATEMENT OF THE CASE

AMT filed a petition under Chapter 11 of Title 11 of the United States Code on June 20, 1985, and it is authorized to operate its business as debtor-in-possession pursuant to 11 U.S.C. § 1108. On August 5, 1985, AMT filed with this Court a Second Application For Authority to Use Cash Collateral of Bernie pursuant to 11 U.S.C. § 363. Bernie is a creditor of AMT and holds a security interest in a portion of AMT's pre-petition property, including a note secured by a deed of trust on part of AMT's real estate and a perfected security interest in certain notes payable to AMT on land sale contracts, as well as all proceeds derived from the contracts (hereinafter referred to as the "cash collateral").

AMT alleged in its August 5 motion that a stipulation had been reached with Bernie which provided that Bernie would consent to the use of its cash collateral by AMT. However, the stipulation provided in part that,

> To the extent the debtor's use of the cash collateral results in a reduction of the value of the notes held as collateral to an amount that is less than the total amount of the indebtedness due at any future date under the promissory note, then except for payment of the fees and expenses of counsel for the debtor and counsel (if any) for the creditor's committee Bernie shall have priority in payment as an expense of administration pursuant to § 364(c)(1) of the Bankruptcy Code with priority over any and all administrative expenses of the kind specified in § 503(b) and § 507(b), of the Bankruptcy Code and over any security interest or lien hereafter granted.

Based upon the parties' consensual agreement, and the authority AMT wishes granted to it, this Court must make the following conclusions of law.

## CONCLUSIONS OF LAW

A debtor authorized to operate under 11 U.S.C. § 1108 may, through § 363(c)(2)[1] after notice and a hearing, seek to use, sell, or lease cash collateral in accordance with the various provisions of § 363. Under § 363(e)[2] of the Code, if an entity that has an interest in the cash collateral requests adequate protection[3] as a result of the

---

**1.** 11 U.S.C. § 363(c)(2). The trustee may not use, sell, or lease cash collateral ... unless—

  (A) each entity that has an interest in such cash collateral consents; or

  (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

**2.** 11 U.S.C. § 363(e). Notwithstanding any other provisions of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

**3.** 11 U.S.C. § 361 defines adequate protection as follows:

  When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

  (1) requiring the trustee to make a cash payment or periodic cash payments to such entity,

debtor's intended use, sale, or lease of the property, the debtor must provide such adequate protection. Should the adequate protection subsequently prove to be insufficient, 11 U.S.C. § 507(b) [4] elevates the deficiency to a priority administrative expense under § 507(a)(1) [5] and § 503(b)(1)(A) [6]. In other words, to the extent that Bernie Corporation requested adequate protection for the use of its cash collateral, and that protection failed, Bernie's deficiency could be given priority over every other administrative claim entitled to distributive priority under § 507(a)(1) as allowable under § 503(b)(1)(A). *See In re Callister*, 15 B.R. 521, 526 n. 20a (Bankr.D.Utah 1981); *see generally Collier* ¶ 507.05 (15th ed. 1985).

▮ AMT and Bernie, however, have sought to go beyond the availability of the protection provided to § 363 creditors under § 507(b). Although AMT's Motion has been brought under § 363, it has, through a stipulation consented to by Bernie, attempted to bootstrap Bernie into the superpriority provision of 11 U.S.C. § 364(c)(1). Section 364(c)(1) [7] allows a debtor who is unable to obtain post-petition unsecured credit to grant, with court approval, a superpriority over all administrative expenses of the kind specified in § 503(b) and § 507(b), which sections, as discussed above, are the means of protecting a cash collateral creditor under § 363 who might ultimately prove not to be adequately protected. It appears to this Court that the right to grant an administrative priority under § 364(c)(1) is limited to obtaining post-petition credit or incurring debt, and not to the protection of a creditor whose cash collateral the debtor seeks to utilize. The willingness of Bernie to forego its right to limit the use of its cash collateral with the concomitant protection of a superpriority is not within the intent and purpose of § 364(c)(1), but is only within the purview of § 363. Congress did not extend, either under § 363 or § 364 of the Code, the administrative priority provided under § 364(c)(1) to the protection of a cash collateral creditor where no new credit has been extended.

to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property. (Emphasis added).

**4.** 11 U.S.C. § 507(b).

(b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim under such subsection.

**5.** 11 U.S.C. § 507(a)(1).

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

**6.** 11 U.S.C. § 503(b)(1)(A).

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

**7.** 11 U.S.C. § 364(c)(1).

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title.

Indeed, if § 364(c)(1) were intended as a means of providing adequate protection to a cash collateral creditor, there would be no need for § 507(b), which, again, was designed for such creditors, since it provides for a lower priority in distribution than does § 364(c)(1). By virtue of mutual consent with the debtor, a cash collateral creditor, or any secured creditor, could obtain a § 364(c)(1) priority and improve its position in distribution by virtue of the debtor's allegation it could not obtain alternative financing. That is precisely the situation in the case at bar, and it cannot be condoned.

Therefore, it is this Court's opinion that under AMT's request to use Bernie's cash collateral, AMT can provide no more protection to Bernie than is authorized by § 363. Section 363 does not accord the power to grant the administrative priority sought under § 364(c)(1), nor does § 364(c)(1) lend itself to the protection of a cash collateral creditor. Under § 363 of the Code, AMT can provide adequate protection as defined by 11 U.S.C. § 361, but § 361 does not provide for a superpriority under § 364(c)(1).[8] In fact, § 361(3) does not allow a priority expense under § 503(b)(1) as a means of adequate protection, much less a *higher* priority under § 364(c)(1).[9] Bernie's sole means of assurance, should it request adequate protection and that protection fail, is found under § 507(b).

For the foregoing reasons, this Court cannot authorize AMT to use the cash collateral in accordance with its motion and the terms of the stipulation reached with Bernie.

An appropriate Order will issue.

**8.** *See* note 3, *supra* at p. 3.

**9.** 11 U.S.C. § 361(3) provides that adequate protection may be provided by—
    (3) granting such other relief, *other than entitling such entity to compensation allowable un-*