In Re Richard L. SMITH and Cynthia K. Smith.

Richard L. SMITH, Appellant,

v.

DAIRYMEN, INC., et al., Appellees.

Bankruptcy Nos. 5–83–00384, 5–83–00130.

Civ. A. No. 86–0075–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

May 5, 1987.

M. Caldwell Butler, Michael A. Cleary, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for Richard L. and Cynthia Smith.

Lester I. Adams, Jr., Louisville, Ky., for Dairymen, Inc.

Bruce W. White, Office of Gen. Counsel, Richmond, Va., John P. Alderman, U.S. Atty., Roanoke, Va., for U.S.

William O. Roberts, Jr., Lexington, Va., for UVB.

Wm. E. Shmidheiser, III, Wharton Aldhizer & Weaver, Harrisonburg, Va., for FLC and FNB.

## ORDER

MICHAEL, District Judge.

For the reasons stated in the accompanying Memorandum Opinion, it is this day

ADJUDGED AND ORDERED

that:

1. The Order of the United States Bankruptcy Court for the Western District of Virginia entered on December 31, 1985, in the above-styled action shall be, and it hereby is, affirmed in part, as to the denial of confirmation of the debtors' Chapter 11 Plan of Reorganization, and reversed in part, regarding the grant of adequate protection under the superpriority provisions of 11 U.S.C. § 507(a)(1).

2. This case shall be, and it hereby is, remanded to the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division, for further proceedings consistent with the Memorandum Opinion issued this day.

3. This case shall be, and it hereby is, dismissed and stricken from the docket of this court.

MEMORANDUM OPINION

Appellants Richard L. Smith and Cynthia K. Smith ("the Debtors") filed this appeal from the Order entered by the United States Bankruptcy Court for the Western District of Virginia on December 31, 1985. The Order appealed from is final within the meaning of 28 U.S.C. § 158(a) (1982); therefore, this court has jurisdiction to hear their appeal. Appellee United States of America, acting by and through Farmers Home Administration ("FmHA") has filed a cross-appeal from the same Order. As this court understands the long history of this case as described in debtor's brief and the memorandum opinion of the bankruptcy court, the debtors were operating a dairy farm at the time the underlying Chapter 11 case was filed on October 11, 1983. Adversary proceeding No. 5–83–00130 was commenced October 26, 1983. Pursuant to an Order entered October 20, 1983, by United States Bankruptcy Judge William E. Anderson, the purchaser of the debtors' milk, Dairymen, Inc., was directed to turn over to the debtors certain funds held on behalf of creditors. The purpose of the adversary proceeding was to compel the turnover of funds held by Dairymen, Inc. and to seek court authorization for their use pursuant to § 363 of the Bankruptcy Code, 11 U.S.C. § 363 (1982).

Hearings were held in the underlying adversary proceeding on November 23, 1983, January 27, 1984, and April 2, 1984. Orders continuing Judge Anderson's Order of October 20, 1983, and compelling turnover of funds held by Dairymen, Inc., were entered on November 28, 1983, January 27, 1984, and February 22, 1984. By Order and opinion dated April 4, 1984, the Hon. H. Clyde Pearson, Bankruptcy Judge, found that the applicable security agreement and financing statements entitled FmHA and United Virginia Bank ("UVB") to a security interest in the milk produced by the debtors' dairy farm and the cash proceeds from the sale of such milk. The court also stated that it would consider the issue of adequate protection for FmHA's and UVB's interest in the cash proceeds (the "cash collateral") upon proper motion.

On June 15, 1984, after the debtors' financial condition had begun to deteriorate, FmHA filed its motion for adequate protection with respect to the cash proceeds spent by the estate. On September 5, 1984, UVB filed a similar motion. United States Bankruptcy Judge Thomas J. Wilson, III, heard the motions and indicated from the bench that if the post-petition proceeds were found to be encumbered by the lien of FmHA (which was so found by the District Court on appeal) then there would be no source of adequate protection and the remedy available to creditors would be to seek a dismissal of the proceedings and/or relief from the stay. No Order was entered on that motion. FmHA later filed another motion for adequate protection seeking a lien on unencumbered assets and for priority under 11 U.S.C. § 507(b). Again, a similar motion was filed by UVB.

By Order and opinion dated December 31, 1985, the bankruptcy court, Judge Wilson presiding, held that the claims of FmHA and UVB

are entitled to adequate protection to the extent of said sum of $18,567.92 of which two-thirds shall be for the benefit of FmHA and one-third for UVB in accordance with the agreement between them.

The claims for adequate protection as to both FmHA and UVB shall, however, be afforded priority only under § 507(a)(1) of the Bankruptcy Code by reason of the fact that upon the motions and hearings thereon, the Debtor had no appreciable or apparent assets with which to provide such protection.

The bankruptcy court also denied confirmation of the debtors' second amended Chapter 11 plan of reorganization, for non-compliance with 11 U.S.C. § 1129(b)(2)(B)(ii). The court held that the debtors could not file effective Homestead Deeds under Va. Code § 34–4 (1984), since the deeds were not timely filed in accordance with Va.Code § 34–17. Since Virginia law required filing of Homestead Deeds prior to the filing of a petition in bankruptcy, the exemption was unavailable under § 1129 absent a conversion to Chapter 7 or dismissal of the original case.

The issues before this court then are whether the FmHA and UVB claims may be protected as administrative priority claims under § 507, and if not, whether any other means of granting adequate protection is available to FmHA or UVB. Further, this court must decide whether the filing of the debtors' Homestead Deeds is to be given effect.

*Super Priority Under § 507*

Both parties to this appeal agree that the bankruptcy court could not have granted an administrative expense priority under § 507(a)(1) as a means of providing adequate protection to FmHA, due to the provisions of § 361. Unfortunately, § 361 does not directly reference § 507, but rather states:

[A]dequate protection may be provided by—

. . . . .

(3) Granting such other relief, *other than entitling [the secured creditor] to compensation allowable under [11 U.S.C. § 503(B)(1)] as an administrative expense,* as will result in the realization by [the secured creditor] of the indu-

bitable equivalent of [the secured creditor's] interest in [the collateral].

(Emphasis added.)

In its comment on 11 U.S.C. § 361(3), *Collier on Bankruptcy* states:

One alternative [method of affording adequate protection] has been eliminated. The idea of giving an administrative priority as was suggested in *In re Yale Express System, Inc.* is expressly disapproved. Earlier versions of the legislation in the House suggesting that such a priority would be a possible alternative if accompanied by a finding that it would be meaningful, were discarded when the House and Senate versions were conformed. 124 Cong.Rec. H11,092 (daily ed. Sept. 28, 1978).

*Collier on Bankruptcy* (15th Ed.) ¶ 361.-01[4] at p. 361–13. *See also In re AMT Investment Corp.*, 53 B.R. 274, 277 (Bankr. E.D.Va.1985) ("Section 361(3) does not allow a priority expense under § 503(b)(1) as a means of adequate protection").

In reviewing § 507(a)(1), it becomes clear that the section authorizes administrative expenses under § 503(b)(1) exactly as prohibited in § 361(3), since 507(a)(1) states:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28. . . .

FmHA argues that since the bankruptcy court could not have thus relied upon § 507(a)(1), this court should find that FmHA is entitled to protection under § 507(b) and that the amount of such protection is equal to $12,376.61 and accrued interest. However, this court is of the opinion that in sustaining the motion of FmHA for protection under § 507(b), and referring to § 507(a)(1), the bankruptcy court intended to grant protection under § 507(b). A careful review of the language of § 507(b), which states as follows, demonstrates the reason for this opinion:

(b) If the trustee, under section 362, 363, or 364 of this title, provides ade-

quate protection of the interest of a holder of a claim secured by a lien on property of the debtor *and if,* notwithstanding such protection, *such creditor has a claim allowable under subsection (a)(1)* of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

(Emphasis added.) Thus, the bankruptcy court was apparently pointing out the plain language of § 507(b) which allows a super priority only to expenses otherwise allowable as administrative expenses under § 507(a)(1). The parties' confusion is understandable, given the apparent tension between the expenses allowed in § 507(b), as defined in § 507(a)(1), and the prohibitions found in § 361(3).

The court in *In re Callister,* 15 B.R. 521 (Bankr.Utah 1981), carefully discussed the tensions inherent in the statutory scheme. As noted in *Callister,* the super priority appears to be limited by two factors: first, only that portion of the deficiency actually incurred as a cost of administration, that is, incurred subsequent to the commencement of the proceeding would be allowable, and second, it is limited to the amount by which the collateral actually decreased in value during the period of administration. *Id.* at 529–30 n. 23 (citing Levit, "Use and Disposition of Property Under Chapter 11 of the Bankruptcy Code: Some Practical Concerns," 53 Am.Bankr.L.J. 275, 290 (1979)).

This idea is also noted in the House Report on the Technical Amendments Bill, which states: "This amendment makes it clear that even where a secured creditor is given adequate protection, if such is still insufficient to protect the creditor's interest during the pendency of the proceeding *and the creditor is additionally entitled to an administrative expense claim,* such claim shall be given priority over every other kind of priority claim specified in this section." H.R.Rep. No. 96–1195, 96th Cong., 2d Sess., 14 (1980) (emphasis supplied).

█ FmHA has argued that the entire deficiency amount, $12,376.61 and accrued interest, should be given a super priority under the terms of § 507(b). However, it is not clear that this entire sum constitutes an administrative expense. This is particularly true since the debtors' use of the sum occurred in accordance with § 363(c)(2)(B). FmHA has argued that the notice requirement of § 363 was not met, because counsel for the debtors merely called Mr. Ira Kimbel, the County Supervisor for FmHA, on the morning prior to the 1:30 p.m. hearing. However, said hearing occurred on October 20, 1983, and counsel for FmHA and UVB had entered an appearance on or before November 22, 1983, yet the turnover order was continued by the bankruptcy court through June 15, 1984, at which time FmHA filed its motion for adequate protection with respect to the cash collateral. Under these circumstances, this court must agree with the bankruptcy court that the notice requirements of § 363 had been met by the debtors and that the debtors had no appreciable or apparent assets with which to provide protection by the time the motions for adequate protection were made by FmHA and UVB.

█ There are two reasons why FmHA may not now receive the protections of § 507(b). First, under § 507(b) the claimant seeking the so-called "super-priority" must have been provided with some form of adequate protection at some earlier time and that protection must later prove to be inadequate. In the present case, FmHA is not entitled to a priority under § 507(b) because at no time did the bankruptcy court provide FmHA with adequate protection. Second, FmHA's interest in loan payments to be continued throughout the pendency of the current petition, cannot in any fashion be deemed administrative expenses as referenced in § 507(b).

█ As noted above, § 507(b) clearly contemplates a case where the party seeking reimbursement for inadequate protection also has an administrative claim. In

that case, the administrative claim would take on a super priority. However, FmHA has no basis for such a claim, and the strictures of § 361(3) make clear that protection for a creditor's otherwise normally secured interest cannot be converted into an administrative expense. As this court reads these sections, it is only in this way that the apparent tensions between § 361 and § 507 may be resolved. For these reasons it is the decision of this court that the Order of the bankruptcy court granting an administrative expense priority to FmHA must be reversed. However, the parties have alluded to the fact that new cash collateral is available to the debtors, and FmHA has argued that the bankruptcy court should grant a lien on these new unencumbered assets pursuant to § 363(e). This court is unwilling to decide this issue as it is newly raised, and will remand the question to the bankruptcy court.

■ FmHA has also requested the protections afforded under 11 U.S.C. § 364(c); however, since at no time did FmHA lend money to the debtors, § 364 is inapplicable. As noted in the case of *In re AMT Investment Corp.*, 53 B.R. 274, 276 (Bankr.E.D.Va.1985), the right to grant an administrative priority under § 364(c)(1) is "limited to obtaining post-petition credit or incurring debt, and not to the protection of a creditor whose cash collateral the debtor seeks to utilize.... Congress did not extend, either under § 363 or § 364 of the Code, the administrative priority provided under § 364(c)(1) to the protection of a cash collateral creditor where no new credit has been extended." Thus as to this issue, the bankruptcy court's holding that FmHA cannot seek protection under § 364(c) shall be affirmed.

*Confirmation of Second Amended Plan*

■ The debtors argue that the bankruptcy court erred in denying confirmation of their Chapter 11 Plan of Reorganization. This Plan proposes that the remaining unencumbered assets of the debtors be liquidated and the debtors be permitted the benefit of the Virginia Homestead Exemption pursuant to Va.Code § 34–4 (1984),

even though a Homestead Deed was not filed before the filing of the Chapter 11 petition on October 1, 1983. The Plan proposes that prior to confirmation, the debtors will file Homestead Deeds. Upon confirmation, schedule B–4 would be amended to reflect their claimed exemptions. The Plan further provides that these Deeds will be deemed filed in compliance with all applicable laws and be deemed binding upon all of the creditors in this case.

FmHA contends that the Plan may not be confirmed because 11 U.S.C. § 522(b) permits the debtors to exempt any property which is exempt under state or local law. In order for property to be exempt under Virginia law, the debtors must comply with local recordation requirements of the Virginia statute to be entitled to the Virginia exemptions. *See, e.g., Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982). In *Zimmerman* the court noted that the debtor's "failure to comply with the Virginia Homestead exemption statute precludes [the debtor] from claiming that exemption for bankruptcy purposes." *Id.* at 472. See also *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924), which ruled similarly.

Virginia Code § 34–17, in effect at the time the debtors filed their petition, required a debtor to file his Homestead Deed "before or on the same day that he files his petition but not thereafter ..." Clearly, the debtors, who have not yet filed their Homestead Deeds, have not met the requirements of this section.

■ The debtors cite the case of *In re Morris*, 48 B.R. 313 (Bankr.W.D.Va.1985), as an analogous situation involving a Chapter 13 Debtor. In *Morris*, this court ruled that the filing of a Homestead Deed was not necessary to give effect to the debtors' right to a Homestead exemption in determining whether the "best interests of the creditors," as set forth in 11 U.S.C. § 1325(a)(4), had been satisfied. However, in *Morris*, the Chapter 13 debtor simply indicates exemptions he would claim if he were proceeding under Chapter 7. Based in part on this information, the bankruptcy court compares the position of the debtor

and the creditors and determines if the "best interests of the creditors" test has been met. Since the exemptions under Chapter 13 are only informational, in that Chapter 13 involves a reorganization rather than a liquidation of the debtor's estate, requiring the actual filing of Homestead Deeds would be superfluous. Clearly Chapter 11 proposes a liquidation of the debtors' estate; therefore, the *Morris* decision is inapplicable here. The debtors argue that failure to recognize post-petition filed Homestead Deeds would require that this court allow no Chapter 11 debtor to take advantage of the exemptions permitted under § 522. Unfortunately, that does appear to the case, since § 522 states in pertinent part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... either ...—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; ...

Under this section, Homestead property may be exempt only if state law authorizes. A great body of case law makes clear that state statutes creating exemptions control as to the kind and amount of property which may be exempt. *See, e.g., Williams v. Wirt,* 423 F.2d 761 (5th Cir.1970); *In re Miller,* 74 F.2d 86 (8th Cir.1934); *Edgington v. Taylor,* 270 F. 48 (8th Cir.1920). In order to be allowed exemptions under the laws of Virginia, the debtor must file his Homestead Deeds prior to the filing of the bankruptcy petition. Of course, the debtors herein could preserve their Homestead exemption by dismissing their case under Chapter 11 and by converting their Chapter 11 case to one under Chapter 7, if their Homestead Deeds are filed prior to the date of conversion, or the debtors may convert their Chapter 11 case to one under Chapter 13 and take advantage of the ruling of *Morris, supra.* While each of these options would most likely subject the debtors to increased costs of litigation, this does not relieve them of the duty to follow Virginia law in filing their Homestead Deeds.

For this reason, it is the decision of this court that the bankruptcy court's Order denying confirmation of the plan and denying recognition of the Homestead Deed should be affirmed. Having decided this issue, the court will not reach the question of whether the plan would violate the provisions of § 1129(b) which requires that claims junior to the unsecured creditors may not receive more than such creditors if the unsecured claims are not paid in full. This case shall be remanded to the bankruptcy court so that it may direct the debtors to file a proper plan of liquidation, or so that the debtors may exercise such other options as they see fit.

*Conclusions*

For the foregoing reasons, it is the decision of this court that the portion of the bankruptcy court Order of December 31, 1985, granting protection of FmHA's security interest under the provisions of 11 U.S.C. § 507(a)(1) must be reversed. Furthermore, this court is of the opinion that adequate protection may not be sought under the provisions of 11 U.S.C. § 507(b). Although this court does not prevent the bankruptcy court from considering alternate means of granting protection to FmHA, it is the decision of this court that such protection is not available under the provisions of 11 U.S.C. § 364(c). That portion of said Order denying confirmation of the debtors' Plan of Reorganization shall be affirmed, and the case remanded to the bankruptcy court.

An appropriate Order shall this day issue.