**In re Bennett Gill EDWARDS, Jr. and Betty Owens Edwards, Debtors.**

**Bankruptcy No. 7–87–01345–BKC–HPR.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Aug. 16, 1989.

Susan C. Proctor, Law Offices of Jeffrey H. Krasnow & Associates, Roanoke, Va., for debtors.

Roy V. Creasy, Wilson, Vogel & Creasy, Roanoke, Va., Trustee.

### MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the court is whether the chapter 7 trustee's objections to the Debtors' claimed homestead exemptions should

be sustained because the Homestead Deeds were not timely recorded.

Bennett Edwards and his wife Betty Edwards ("Debtors") filed a joint chapter 13 petition in this court on August 18, 1987. Schedules filed with Debtors' petition listed exemptions to which Debtors would have been entitled under a chapter 7 liquidation, but no homestead deeds were recorded to perfect the exemptions. After the meeting of creditors pursuant to Bankruptcy Code § 341, an Order confirming Debtors' chapter 13 plan was entered on October 9, 1987.

Debtors filed separate Homestead Deeds in Roanoke County, wherein they resided, on January 20, 1989. Each Homestead Deed exempted $1,000 as equity the Debtors had in their principal residence. Soon thereafter, they filed an application to convert their case to chapter 7, which the court granted on February 17, 1989. A second § 341 creditors' meeting in the chapter 7 case was subsequently held on March 16, 1989.

The trustee filed objections to the Debtors' claimed homestead exemptions on March 31, 1989, on the following grounds: 1) The Homestead Deeds were not timely filed; and 2) Debtors' claimed exemption of $2,000 ($1,000 each for husband and wife) as equity in their real property was less than the actual equity they had in said property.

Virginia Code § 34–17 (Rep.Vol.1984) states that any person who files a voluntary petition in bankruptcy may set apart a homestead exemption on or before the fifth day after the date initially set for the § 341 creditors' meeting but not thereafter. The initial creditors' meeting in this case was set and held on September 17, 1987, when the case was proceeding under chapter 13. Debtors did not file homestead deeds on or before the fifth day after the creditors' meeting. Therefore, it would appear that any homestead deed subsequently filed by Debtors would not be timely. Furthermore, the effect of Debtors' conversion of their case from chapter 13 to chapter 7 would also seem to have no effect on the timeliness of filing homestead deeds in that Bankruptcy Code § 348(a) states:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this tile constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

■ The court must examine the trustee's objections in light of the purpose and role of exemptions in chapter 13 cases. Exemptions under chapter 13 are only informational, and no purpose is served by requiring a chapter 13 debtor to perfect the exemptions which he would claim if he were proceeding under chapter 7. *In re Morris*, 48 B.R. 313, 314 (W.D.Va.1985). Exemptions are listed in a chapter 13 statement only to permit creditors to determine whether the chapter 13 plan meets the statutory requirements and for the court to determine in confirming the plan that the creditors receive more under the plan than they would in a chapter 7 liquidation, pursuant to Bankruptcy Code § 1325(a)(4). *In re Lindberg*, 735 F.2d 1087, 1089 (8th Cir. 1984) *cert. denied sub. nom.*, *Armstrong v. Lindberg*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). As such, not only is it unduly expensive to have homestead deeds prepared and to pay the costs of recordation in the local state clerk's offices, it is also burdensome to require a chapter 13 debtor to use his once-in-a-lifetime homestead exemption[1] merely for the purpose of listing property he might exempt in a chapter 7 liquidation when it is also unnecessary. If a chapter 13 debtor's plan is confirmed and ultimately consummated, there would not be a need for the filing and perfecting the homestead exemption. There is, accordingly, no need for perfecting the exemption which might in future years become necessary for the debtor and his or her family.

Construction of the exemption statutes are to be liberally applied to carry out the legislative intent to provide for and protect

---

**1.** *See* Virginia Code § 34–21 (Rep.Vol.1984).

debtors and their families from total destitution. *Dickens v. Snellings*, 10 B.R. 949 (Bankr.W.D.Va.1981); *In re Williams*, 3 B.R. 244 (Bankr.E.D.Va.1980); *In re Perry*, 6 B.R. 263 (Bankr.W.D.Va.1980).

■ Therefore, the court finds that a proper contruction of the statutes should permit the debtors' homestead exemptions. A contrary decision would not be in keeping with the intent of the exemption statutes. The date fixed in Virginia Code § 34-17 is for the purpose of finalizing an exemption available and procedure for so doing. The only reasonable construction to be placed upon the time for perfecting by recording in the clerk's office is the § 341 meeting held in a chapter 7 liquidation case. This is the logical and reasonable construction to be applied.

As to the trustee's second objection, the court finds it without merit.

The court hereby

### ORDERS

that the trustee's objections to Debtors' claimed exemptions be denied and the exemptions allowed to the extent claimed.

The Clerk shall certify a copy of this Memorandum Opinion and Order to the Debtors; counsel for Debtors; trustee; and U.S. Trustee.