**In re Gary Rogers TARPLEY and Barbara A. Tarpley, Debtors.**

**Gary Rogers TARPLEY and Barbara A. Tarpley, Plaintiffs,**

**v.**

**HOUSING AND URBAN DEVELOPMENT, Defendant.**

**Bankruptcy No. 90–00390.**

United States Bankruptcy Court, W.D. Virginia, Danville Division.

Jan. 4, 1991.

Rickey G. Young, for debtors.

Joseph W.H. Mott, for Housing and Urban Development.

Laurence P. Morin, Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Chief Judge.

This matter is before the court on the motion of Gary and Barbara Tarpley, debtors, to avoid a judgment lien pursuant to 11 U.S.C. § 522(f).

### FACTS

The debtors filed a petition under Chapter 13 of the Bankruptcy Code on March 19, 1990. They own a home in the City of Martinsville, Virginia. The house is assessed for 1990 tax purposes at $29,700.00 by the City of Martinsville. Mr. Tarpley testified that he believes his house is worth less than that amount. First Federal Savings and Loan of Martinsville filed proofs of claim on March 29, 1990 totalling $19,-275.78 secured by first and second liens on the house.

The United States Department of Housing and Urban Affairs (H.U.D.) obtained a $11,956.86 judgment against the debtors in the United States District Court for the Western District of Virginia on December 1, 1989. H.U.D. filed a proof of claim in this action which states that the judgment was docketed in the Circuit Court for the City of Martinsville on December 21, 1989, in Deed Book 41, at Page 92.

On March 26 and May 14, 1990, H.U.D. objected to confirmation of the debtors' Chapter 13 plan on the grounds that it does not treat the judgment as a secured claim and does not provide for the payment of post-petition interest.

The initial section 341 meeting of creditors was scheduled for May 2, 1990 but not held until June 20, 1990. On September 4, 1990, the debtors filed a motion to avoid the judgment lien. On September 7, 1990 the debtors filed a homestead deed in Martinsville Circuit Court claiming $10,500.00 of equity in their home. At a hearing held on October 24, 1990, evidence regarding the value of the debtors' Martinsville residence and the filing of the homestead deed was introduced.

### DISCUSSION

The debtors argue that H.U.D.'s lien can be avoided pursuant to 11 U.S.C. § 522(f) which provides that:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; ...

Pursuant to 11 U.S.C. § 522(b) and Va. Code § 34–3.1, the debtors are entitled to the homestead exemption created by Va. Code § 34–4 which allows each householder to hold exempt from creditor process real and/or personal property not exceeding $5,000.00 in value plus $500.00 for each dependent. Because a husband and wife living together may both be deemed householders, Mr. and Mrs. Tarpley claim a $10,-000.00 exemption in the equity in their Martinsville home. *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981). They also claim an exemption of $500.00 for a dependent child. Since there is less than $10,500.00 of equity in the house, if the debtors are able to avoid H.U.D.'s judgment lien pursuant to section 522(f), the judgment will be treated as an unsecured instead of a secured claim.

H.U.D. argues that the debtors cannot avoid their lien pursuant to section 522(f) because they did not record their homestead deed within the time specified for doing so in Va.Code § 34–17 and because they did not schedule any exemptions when they filed their bankruptcy petition.

Although section 522(f) is applicable in a Chapter 13 case, *see* 11 U.S.C. § 103 and

*Collier on Bankruptcy*, § 522.29 at 522–91, fn. a (1990 ed.), it is not clear under existing law whether a Virginia Chapter 13 debtor must actually perfect a homestead exemption in order to avoid a lien pursuant to section 522(f), as would be the case in a proceeding under Chapter 7.

When the debtors filed their bankruptcy petition in March 1990, Va.Code § 34–17 required that a homestead deed be recorded on or before the fifth day after the date initially set for the meeting of creditors held pursuant to 11 U.S.C. § 341, but not thereafter. Va.Code § 34–17 (1989 Cum. Supp.). The section 341 meeting in this case was initially scheduled to be held on May 2, 1990 and actually held on June 20, 1990. Because the debtors did not record their homestead deed until September 6, 1990, H.U.D. argues that they did not perfect their homestead exemption and thus have no exemption to use for section 522(f) purposes.

The debtors respond that because they are proceeding under Chapter 13 they are not required to record a homestead deed in order to avoid a lien under section 522(f), citing *In re Morris*, 48 B.R. 313 (W.D.Va. 1985) and *In re Edwards*, 105 B.R. 10 (Bkrtcy W.D.Va 1989).

■ The issue in *Morris* was whether a Virginia debtor proceeding under Chapter 13 must actually perfect a homestead exemption pursuant to Title 34 of the Virginia Code as a prerequisite to a bankruptcy court's considering that exemption in conducting the "best interests of the creditors" test required by 11 U.S.C. § 1325(a)(4). Section 1325(a)(4) requires the court to determine whether the value, as of the effective date of a Chapter 13 plan, of property to be distributed under the plan on account of each allowed unsecured claim is equal to or greater than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7. The court cannot confirm a Chapter 13 plan if the amount to be distributed to the unsecured creditors under the plan is less than the amount the creditors would receive in a Chapter 7 liquidation.

■ The United States District Court held that the failure of Chapter 13 debtors to perfect their homestead exemption did not prohibit consideration of that exemption in conducting the "best interests of creditors" test because the purpose of the homestead and other exemptions is different under a Chapter 13 reorganization proceeding than under a Chapter 7 liquidation. Under Chapter 7, the purpose of the exemptions is to provide that following liquidation of the debtor's estate, the debtor retains the requisite assets to get a fresh start. A Chapter 7 debtor is entitled to retain assets, however, only if he or she complies with the applicable statutory requirements. In contrast, the debtor in a Chapter 13 reorganization proceeding retains ownership of assets whether a homestead exemption is perfected or not. The *Morris* court therefore held that, at least in connection with the "best interests of the creditors" test, a Chapter 13 debtor need not perfect a homestead exemption because the debtor derives no benefit from using the exemption. To require a Chapter 13 debtor to perfect his or her homestead exemption would result in an unnecessary exhaustion of the exemption in a proceeding not involving a liquidation of the debtor's estate. *Id.* at 314–15.

Unlike the debtors in *Morris*, the debtors in this case benefit by claiming their homestead exemption and therefore should be required to comply with the procedures for securing it set out in Title 34 of the Virginia Code. Here, entitlement to the exemption allows the debtors to avoid H.U.D.'s judgment lien. If the lien is not avoided, H.U.D. is entitled to the rights afforded secured creditors in Chapter 13 plans under 11 U.S.C. § 1325(a)(5). If the lien is avoided, H.U.D. will be an unsecured creditor and may receive less than the full amount of its claim. The debtors therefore benefit to the extent that they become entitled to treat H.U.D.'s claim differently than they would otherwise be able to do.

While it is possible to argue that the debtors in *In re Morris* also actually benefitted from their right to claim a homestead exemption, it was a different kind of bene-

fit than that which the Chapter 13 debtors in this case will obtain. If a debtor is not entitled to deduct the value of the property that could have been exempted in a Chapter 7 proceeding for purposes of satisfying the "best interests of the creditors" test and thus is unable to confirm a Chapter 13 plan, the Chapter 13 case will be dismissed or converted to a Chapter 7. To the extent that allowing the debtor to remain in a Chapter 13 proceeding results in the debtor being able to retain a home or some other asset which could not be retained in a proceeding under Chapter 7, the debtor benefits. The creditors are not prejudiced, however, because the secured creditors receive the full amount of their allowed claims and the unsecured creditors must receive at least what they would have received in a liquidation proceeding.

If the perfection is required in order to use a homestead exemption for section 522(f) avoidance purposes, then compliance with the time limitation requirements of Va.Code § 34–17 is necessary. The *Edwards* case concerned the timeliness of the filing of homestead deeds for purposes of Va.Code § 34–17. The debtors in *Edwards* filed a Chapter 13 petition on August 18, 1987. Schedules filed with the debtors' petition listed the exemptions to which the debtors would have been entitled under a Chapter 7 liquidation, but no homestead deeds were recorded to perfect the exemptions. After the section 341 meeting of creditors was held, the Chapter 13 plan was confirmed on October 9, 1987. On January 20, 1989, the debtors filed homestead deeds. On February 17, 1989 the bankruptcy court granted the debtors' motion to convert their case to Chapter 7. A section 341 meeting in the Chapter 7 case was held on March 16, 1989. The trustee objected to the debtors' homestead deeds on the ground that they were not filed within 5 days after the section 341 meeting that had been held in the Chapter 13 proceeding, as seemingly then required by Va.Code § 34–17.

In ruling on the trustee's motion, the court found the reasoning of *In re Morris* regarding the necessity of perfecting a homestead exemption for purposes of satisfying the "best interests of the creditors" test persuasive. The court held that because there would be no need for filing and perfecting the homestead exemption if a Chapter 13 debtor's plan is confirmed and ultimately consummated, the only reasonable construction to be placed upon the language of Va.Code § 34–17, which at that time required perfection "on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341," was to construe the statute to mean that the homestead deed had to be filed at least five days after the section 341 meeting held in the Chapter 7 proceeding, as opposed to the one held in the Chapter 13 case.[1] If the debtor does not convert, or originally files a Chapter 7 case, the homestead deed must be filed within five days of the initial section 341 meeting held in his or her case.

The debtors in this case have not converted their Chapter 13 proceeding to one under Chapter 7. Their homestead deed was not filed within five days after the date initially set for the section 341 meeting and thus was not in compliance with Va.Code § 34–17. Because perfection was untimely, the debtors have no exemption to use for section 522(f) lien avoidance purposes.

■ H.U.D. also argues that the debtors are not entitled to claim their homestead exemptions because they failed to list as exempt the property they now wish to claim exempt on the schedule of assets that they were required to file within 15 days of filing their petition. *See* Bankruptcy Rules 4003 and 1007(c). The court believes that Bankruptcy Rule 1009(a), which gives the debtor the right to amend schedules as a matter of course at any time, would allow the debtors to amend their schedules to include a listing of exempt property.

---

**1.** In 1990 the Virginia legislature amended section 34–17 making it clear that a debtor has until five days after the Chapter 7 section 341 meeting to file a homestead deed if the debtor converts to a Chapter 7 proceeding after originally filing under another chapter.

## CONCLUSION

For purposes of avoiding a lien pursuant to 11 U.S.C. § 522(f), a Virginia Chapter 13 debtor must perfect claimed exemptions in accordance with the applicable provisions of the Virginia Code.

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is .

## ORDERED

that the motion of Gary and Barbara Tarpley, debtors, to avoid the judgment lien of the United States Department of Housing and Urban Affairs pursuant to 11 U.S.C. § 522(f) is denied.

