**In re Joseph L. HAYNESWORTH and Doris G. Haynesworth, Debtors.**

**Bankruptcy No. 91–32230–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 8, 1992.

Steven A. Chaplin, Richmond, Va., for Debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This cause comes before the Court on the July 26, 1991, objection by the Chapter 7 trustee, John F. Ames, to the homestead exemption claimed by the debtors, Joseph L. and Doris G. Haynesworth ("debtors"). A hearing was held on March 9, 1992, at which evidence was presented and arguments of counsel were heard. After considering the evidence, the arguments of counsel, and the briefs submitted by the parties, this Court makes the following findings of fact and conclusions of law.

---

**1.** Frazee is listed on Schedule H as a "codebtor".

## FINDINGS OF FACT

The debtors filed a voluntary petition in bankruptcy under Chapter 7 of 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code") on May 24, 1991. John F. Ames was appointed interim trustee in the matter and was serving as trustee at the time of this dispute.

The debtors filed a homestead deed claiming certain property as exempt pursuant to § 522(b) of the Bankruptcy Code and Section 34–4 *et seq.* of the Code of Virginia on July 10, 1991, in the Circuit Court of Henrico County, the county of the debtors' residence. Pursuant to 11 U.S.C. § 341, the meeting of creditors was held on Wednesday, July 3, 1991. The following day was Thursday, July 4, 1991, a legal holiday. July 5 was a Friday and July 6 and 7 were Saturday and Sunday. Of the five days immediately following the § 341 meeting, three days were non-business days or legal holidays. The issue before this Court is whether the debtors' filing of their homestead deed on July 10, 1991, was timely.

## CONCLUSIONS OF LAW

11 U.S.C. § 522(b) allows a debtor to exempt property from the bankruptcy estate pursuant to either § 522(b)(1) or § 522(b)(2). Under § 522(b)(1), a debtor may claim as exempt the property listed in § 522(d), which provides for a standard federal exemption. However, under § 522(b)(1), if the state law applicable to the debtor does not authorize the claiming of the § 522(d) exemption, such exemption may not be claimed. Under § 522(b)(2)(A) debtors in states which do not authorize the claiming of the § 522(d) exemption may exempt property as provided for by federal law other than § 522(d) and by the applicable state or local law. In this instance Virginia law would apply.

Virginia does not authorize the claiming of the § 522(d) exemption. Virginia Code § 34–3.1 provides: "No individual may exempt from property of the estate in any bankruptcy proceeding the property specified in subsection (d) of section 522 of the Bankruptcy Reform Act (Public Law 95–

598) except as may otherwise be expressly permitted under this title."

Therefore, pursuant to § 522(b)(1) of the Bankruptcy Code and Virginia Code § 34–3.1, a debtor in Virginia may not claim the standard federal exemption as set out in § 522(d) and may only claim those exemptions defined by the applicable Virginia law.

Virginia Code § 34–4 defines the Virginia homestead exemption. That section reads, in relevant part:

> Every householder shall be entitled, in addition to the property or estate exempt under §§ 34–26, 34–27, 34–29, and 64.1–151.3, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value.

Therefore, under Virginia Code § 34–4, a homestead exemption may be claimed in real property, personal property, or both. Virginia Code § 34–6 provides the manner in which a homestead exemption in real property must be claimed. The section reads, in relevant part:

> In order to secure the benefits of the exemptions of real estate under §§ 34–4 and 34–4.1, the householder, by a writing signed by him and duly admitted to record, to be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located, shall declare his intention to claim such benefit and select and set apart the real estate to be held by the householder as exempt, and describe the same with responsible certainty, affixing to the description his cash valuation of the estate so selected and set apart.

Virginia Code § 34–14 governs how a homestead deed in personal property shall be set apart. That statute reads, in pertinent part:

> Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty the personal estate so selected and set apart and each parcel or

article, affixing to each his cash valuation thereof; and such writing shall be admitted to record, to be recorded as deeds are recorded, in the county or city wherein such householder resides.

In addition to the above requirements in the Virginia Code governing the manner in which homestead exemptions are to be set apart, a debtor must comply with the Virginia Code in regard to the time limits for claiming a homestead exemption. Virginia Code § 34–17 provides for when a debtor may set apart a homestead exemption. The section reads, in pertinent part:

> The real or personal estate which a householder is entitled to hold as exempt may be set apart at any time before it is subjected by sale under creditor process, or, if such creditor process does not require sale of the property, before it is turned over to the creditor. To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy ... shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter.

With regard to the computation of the five-day period in Virginia Code § 34–17, the Virginia Code contains two relevant statutes. The first, § 1–13.3 reads, in pertinent part:

> When a statute or rule of court requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred.

Virginia Code § 1–13.3:1, the second statute referring to the computation of time, provides:

> When the last day fixed by statute, or by rule of the Supreme Court of Virginia for the commencement of any proceeding, for any paper to be served, delivered or filed, or for any other act to be done in the course of judicial proceedings falls on a Saturday, Sunday, legal holiday, or any day on which the clerk's office is closed as authorized by statute, the proceeding may be commenced, the paper may be served, delivered or filed and the act may be done on the next day that is not a Saturday, Sunday or legal holiday, or on which the clerk's office is closed as authorized by statute.

Thus, under Virginia Code § 1–13.3, the day of the § 341 meeting of creditors is not included in the five-day period. Further, under Virginia Code § 1–13.3:1, if the last day of the five-day period falls on a Saturday, Sunday, legal holiday, or any day that the clerk's office is closed the homestead deed may be filed on the next day not a Saturday, Sunday legal holiday, or day that the clerk's office is closed.

Following the requirements in the Virginia Code for calculating the five-day time period within which to timely file a homestead deed the debtors would not prevail, as the five days would have begun to run on Thursday, July 4, even though it was a legal holiday, and would have ended on Monday, July 8. The debtors filed their homestead deed on July 10. Because the Virginia Code does not exclude intermediate Saturdays, Sundays and legal holidays, the July 4 legal holiday, as well as the intervening Saturday and Sunday, would be counted as part of the five-day period unless they occurred on the last day of the five-day period. This construction would leave the debtors with two business days in which to reach a final decision and to file their homestead deed.

■ The debtors assert that Federal Rule of Bankruptcy Procedure 9006(a) ("Rule 9006(a)") should control the manner in which the days are to be counted in determining whether or not a homestead deed has been timely filed. Rule 9006(a) reads, in relevant part:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, *or by any applicable statute*, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal

holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

If Rule 9006(a) applied to the case at hand as the debtors assert it should, the debtors would prevail. Because the time period prescribed by Virginia Code § 34–17 is five days, Rule 9006(a) would operate to exclude intermediate Saturdays, Sundays, and legal holidays from the computation of the five-day period. If those intermediate days were excluded, the debtors' filing of their homestead deed on July 10, 1991, would have been timely.

In support of their assertion, the debtors rely on the language of Rule 9006(a) itself, and specifically the language "any applicable statute." In interpreting similar language to the language contained in Rule 9006(a), the Fourth Circuit Court of Appeals held the phrase "applicable nonbankruptcy law" as used in 11 U.S.C. § 541 to mean "precisely what it says: all laws, state and federal ..." *Anderson v. Raine, (In re Moore )*, 907 F.2d 1476, 1477 (4th Cir.1990). The Fourth Circuit again held "applicable nonbankruptcy law" to mean all laws, state or federal, in its decision finding the Employee Retirement Income Security Act to constitute "applicable nonbankruptcy law" under 11 U.S.C. § 541. *Shumate v. Patterson*, 943 F.2d 362 (4th Cir.1991).

The United States Supreme Court upheld the interpretation of the Fourth Circuit Court of Appeals in *Shumate*, holding: "Plainly read, the provision ("applicable bankruptcy law") encompasses any relevant nonbankruptcy law, including federal law such as ERISA (the Employee Retirement Income Security Act)." *Patterson v. Shumate*, —— U.S. ——, ——, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992). Because the phrase "applicable nonbankrupt-cy law" has been held to refer to all applicable state or federal laws, a rational argument may be made in support of the debtors' assertion that Rule 9006(a) should define how the time period for filing a homestead exemption in Virginia should be calculated. It is possible to argue, based on the above decisions, that the language "any applicable statute" as used in Rule 9006(a) refers to all applicable state or federal laws, which in this case, the debtors assert, would include the Virginia Code's homestead exemption scheme.

In light of the Bankruptcy Code's rehabilitative intent, this Court would be inclined to follow the reasoning of *Shumate v. Patterson, supra,* but for the following constraints.

Pursuant to 11 U.S.C. § 522, Congress granted states the right to promulgate laws governing homestead exemptions. Because federal law has granted the states the right to establish exemptions, the state law should also govern how the exemptions are to be claimed. *See Zimmerman v. Morgan*, 689 F.2d 471 (4th Cir.1982); *In re Redmon*, 31 B.R. 756 (Bankr.E.D.Va.1983); *Rhodes v. Stewart*, 705 F.2d 159, 162 (6th Cir.1983).

Furthermore, 28 U.S.C. § 2075 grants the Supreme Court the "power to prescribe by general rules ... the practice and procedure in cases under Title 11," but further provides that, "[s]uch rules shall not abridge, enlarge, or modify any substantive right." Rule 9006 was promulgated by the Supreme Court pursuant to the authority granted by 28 U.S.C. § 2075. This Court recognizes that the application of Rule 9006 to the instant case does not abridge, enlarge, or modify any substantive right of the debtors. However, the application of Rule 9006 does affect the Virginia statutes which govern the claiming of a homestead exemption in bankruptcy. Rule 9006(a) would expand debtor's rights under state law by excluding intermediate Saturdays, Sundays, and legal holidays from the five day time period established by Virginia Code § 34–17. Likewise, the method for the computation of time under Virginia Code §§ 1–13.3 and 1–13.3:1 would be modi-

fied by the application of Rule 9006(a) to the facts of this case. Because Congress, in 11 U.S.C. § 522(b), has granted state legislatures the authority to pass homestead exemption statutes, and in light of the fact that the application of Rule 9006 would modify the effect of the state statutes, this Court is hesitant to adopt the position that Rule 9006 should apply to the case at bar.

■ As this Court has noted, homestead exemptions should be liberally construed in favor of debtors, but certain strict requirements must be observed in a bankruptcy setting. *In re Freedlander*, 93 B.R. 446, 448 (Bankr.E.D.Va.1988) (citing cases). This Court also stated, "Section 34–17 unambiguously requires that timely filing is necessary to successfully claim a homestead exemption." *Id.*

Most importantly, this Court is constrained from holding Rule 9006(a) applicable to the claiming of a homestead exemption by the case law which has arisen in the Fourth Circuit concerning 11 U.S.C. In *Zimmerman v. Morgan, supra*, the Court of Appeals considered the claiming of a homestead exemption under 11 U.S.C. § 522 and the Virginia homestead exemption statutes. The debtor in *Zimmerman* failed to comply with Virginia Code § 34–14 by attempting to record an instrument claiming a homestead exemption in a county where he did not reside. The Court of Appeals concluded that the debtor's "failure to comply with the Virginia homestead exemption statute precludes him from claiming that exemption for bankruptcy purposes." *Id.* at 472. In reaching their decision, the Court of Appeals noted that a debtor is:

> entitled to exempt for bankruptcy purposes "any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(2)(A). For property to be exempt under state or local law, it must be claimed as exempt in the manner prescribed by those laws. Thus, the exemption conferred by the above quoted language presupposes compliance with the pertinent state and local laws.

*Id.; see also In re Pennington*, 47 B.R. 322, 326 (Bankr.E.D.Va.1985).

The Fourth Circuit Court of Appeals noted its decision in *Zimmerman* in the later case of *Dominion Bank of the Cumberlands, NA v. Nuckolls*, 780 F.2d 408 (4th Cir.1985). In a concurrence in *Dominion Bank*, Judge Hoffman explained the Fourth Circuit's *Zimmerman* decision as resting "on Virginia having opted out [of the federal exemption scheme] because, by so doing, bankruptcy exemptions depend on Virginia law for both substance and *procedure.*" *Id.* at 417 (Hoffman, D.J., concurring specially) (emphasis added). Further, the Bankruptcy Court for the Western District of Virginia has held that "[t]he date fixed in Virginia Code § 34–17 is for the purpose of finalizing an exemption available and *procedure* for so doing." *In re Edwards*, 105 B.R. 10 (Bankr.W.D.Va.1989) (emphasis added).

Therefore, the debtor's assertion that Rule 9006 should apply is not well taken. Under *Zimmerman, Dominion Bank,* and *Edwards*, the Virginia Code §§ 1–13.3 and 1–13.3:1, and not the Federal Rules of Bankruptcy Procedure, govern how the five-day period provided for in Virginia Code § 34–17 should be calculated. Thus, this Court concludes that the debtors failed to comply with Virginia Code § 34–17 and thereby failed to file their homestead deed in a timely fashion.

This Court recognizes the seemingly harsh result brought about by its decision, however, to follow the debtors' logic and to conclude otherwise would be to disturb the method for the timely claiming of a homestead exemption provided for by the Virginia legislature and to that extent would place a restraint on 11 U.S.C. § 522(b)(2)(A) and would make Va.Code §§ 1–13.3 and 1–13.3:1 meaningless in the present situation. *Cf., Rhodes v. Stewart, supra* (upholding Tennessee homestead exemption although less beneficial to debtor than federal exemption).

It is to be noted that prior to the 1985 amendment to Virginia Code § 34–17 a debtor's filing of a homestead exemption was not timely unless filed on or before the

same day of the filing of the bankruptcy petition. *In re Smith*, 75 B.R. 365, 371 (W.D.Va.1987). Under current law, a debtor has until five days after the meeting of creditors to timely file a homestead exemption, but no statute requires a debtor to delay the filing until after the meeting of creditors. A debtor has ample time before or after the filing of the bankruptcy petition in which to decide to file, and to file, a homestead exemption.

For the foregoing reasons, this Court concludes that the trustee's objection to the debtor's claimed exemption should be sustained.

An appropriate order will issue in conformity with this opinion.