**In re Randall Leonard LINDSEY, Sheila Beck Lindsey, Debtors.**

**Bankruptcy No. 88–0154.**
**Misc. No. 88–0556.**

United States Bankruptcy Court,
S.D. Alabama.

Dec. 5, 1988.

Theodore L. Hall, Mobile, Ala., for debtors.

Stephanie K. Alexander, Mobile, Ala., for SouthTrust Bank of Baldwin County.

### ORDER

GORDON B. KAHN, Chief Judge:

This matter having come before the Court upon the Debtors' motion to avoid judicial lien; due notice of said hearing having been given; and Theodore L. Hall having appeared for the debtors; and Stephanie K. Alexander having appeared for SouthTrust Bank of Baldwin County; and arguments and evidence having been presented; and the matter having been submitted; now, therefore, the Court finds, concludes, and orders as follows:

### FINDINGS OF FACT

1. On February 3, 1988, the debtors filed a petition seeking relief under Chapter 7 of the Bankruptcy Code.

2. Pursuant to Alabama Code (1975) section 6–10–2, the debtors claimed as exempt one and one-half acres of land on which they resided in a mobile home.

3. At the time they filed their petition, the one and one-half acres of land and the mobile home was the debtor's homestead.

4. On February 11, 1987, SouthTrust Bank of Baldwin County obtained a judgment against the debtors in the amount of $8,241.56. The judgment was duly recorded on May 12, 1987.

5. Subsequent to the filing of their bankruptcy petition, the debtors' mobile home was repossessed and the debtors moved to Jackson, Alabama.

### CONCLUSIONS OF LAW

In the instant case, the debtors resided on the one and one-half acres at the time they filed their bankruptcy petition. The

Bank argues that since the debtors abandoned their homestead (the one and one-half acres) subsequent to the filing of their petition they can no longer claim the property as exempt in their bankruptcy case.

 As Judge Steele announced in *In re Brasington,* 10 B.R. 76, 78 (Bkrtcy.M.D. Ala.1981):

"An essential element of the right of homestead is actual occupancy at the time the property is claimed as exempt. At the date of bankruptcy there must be occupancy in fact and a clearly defined intention of present residence and occupancy. *Blum v. Carter,* 63 Ala. 235 (1879)."

The appropriate date for determining exemptions is the date of filing. *In re Rester,* 46 B.R. 194 (S.D.Ala.1984). "The filing of the bankruptcy petition constitutes the 'line of cleavage' at which exemptions are determined." *In re Sajkowski,* 49 B.R. 37, 39 (Bkrtcy.D.R.I.1985).

■ The debtors resided on the property at the time they filed their petition and were allowed to claim the property as exempt pursuant to Alabama Code (1975) section 6–10–2. Because exemptions are determined as of the date of filing, the exemption is not lost by the debtors' subsequent departure from the property.

The debtors' motion to avoid the judicial lien of SouthTrust Bank of Baldwin County is due to be granted; now therefore, it is

ORDERED that the debtor's motion to avoid the lien of SouthTrust Bank of Baldwin County be, and it hereby is GRANTED and, it is further

ORDERED that the judicial lien of SouthTrust Bank of Baldwin County recorded in the Office of the Judge of Probate of Baldwin County, Alabama in Real Property Book 286, page 1004 be, and the same is hereby, AVOIDED, and deemed NULL and VOID; and it is further

ORDERED and ADJUDGED that South-Trust Bank of Baldwin County be, and the same is hereby ordered to cancel the judgment lien recorded in the Office of the Judge of Probate of Baldwin County, Alabama, in Real Property Book 286, Page

1004, within 30 days of the date of this order.