**In re Roger Lee EMERSON and Judy Rae Tate Emerson, Debtors.**

No. 90–00696.

United States Bankruptcy Court,
W.D. Virginia,
Danville Division.

Feb. 22, 1991.

Stephen G. Bass, Danville, Va., for Trustee.

Lewis E. Goodman, Jr., Danville, Va., for debtors.

Henry G. Bennett, Jr., Danville, Va., Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Chief Judge.

This matter is before the court on the Chapter 7 Trustee's objection to the homestead exemption claimed by the debtors, Roger L. and Judy R.T. Emerson, in a parcel of real property located in Pittsylvania County, Virginia. The trustee objects to the claimed exemption because the property was not exempted in the debtors' original homestead deed, but was added by amendment. The trustee argues that Virginia law allows homestead deeds to be amended only to change the value of property already claimed therein, not to add additional property.

The debtors argue that under Virginia law a homestead deed can be amended to claim an exemption in property that, though in existence, was not claimed exempt in the original deed. They also argue that because they did not need to record a deed in order to claim their homestead exemption for some purposes in a Chapter 13 proceeding, the recording of their original

deed is moot and of no effect. Alternatively the debtors argue that upon conversion of their case from Chapter 13 to Chapter 7, they were entitled to exempt property not claimed as exempt before the conversion.

## FACTS

The debtors filed a joint petition under Chapter 13 of the Bankruptcy Code on May 14, 1990. At that time they owned two separate parcels of property. One of the parcels is described as Lots Y & Z located at Route 2, Box 67H, Dry Fork, Virginia, on which a newly constructed house is located. The property was encumbered by a first lien deed of trust, a judgment lien and mechanics' liens. The second parcel is Tract 20A, consisting of 3.22 acres located on Harper Road in Pittsylvania County. Tract 20A was not encumbered. In Schedule B–1 to their petition, the debtors assigned a value of $132,500.00 to the parcel on which the house was located and $18,-000.00 to Tract 20A.

In Schedule B–4, Mr. and Mrs. Emerson claimed exemptions of $4,592.00 and $4,892.00, respectively, in Lots Y & Z, the parcel on which the house is located. The property was claimed exempt pursuant to Virginia Code § 34–4, which allows each Virginia householder to exempt from creditor process up to $5,000.00 of real or personal property. In order to secure the benefit of an exemption of real estate under section 34–4, Virginia Code § 34–6 requires a householder to file a homestead deed in the county or city where the real property is located. The deed must describe the property and state the value claimed as exempt. The debtors attached to their Chapter 13 petition a copy of a joint homestead deed which each had executed on May 14 and recorded on May 15, 1990. The deed claimed exemptions in the property on which the house is located in the amounts of $4,592.50 and $4,892.50, respectively, for Mr. and Mrs. Emerson, and in items of personal property. The total amount exempted was equal in value to the full amount allowed under section 34–4.

The Section 341 Meeting of Creditors in the Chapter 13 proceeding was held on August 1, 1990. On August 21, 1990 the debtors converted their case to a Chapter 7 proceeding. Also on August 21, 1990, the debtors filed an amended Schedule B–4, in which they made changes in the description and value of the real and personal property claimed exempt. In the amended schedule, Mr. and Mrs. Emerson lowered the amounts they claimed exempt in the parcel on which the house was located to $500.00 each. Both debtors for the first time claimed an exemption in Tract 20A, however. Mr. Emerson claimed $4,863.00 and Mrs. Emerson claimed $4,465.00.

A joint amended homestead deed, executed on August 20 and recorded on August 21, 1990, was attached to the amended Schedule B–4. The amended deed showed Mr. and Mrs. Emerson claiming $500.00 each exempt in the parcel on which the house is located and $4,964.00 and $4,466.00, respectively, as exempt in Tract 20A.

The Section 341 meeting of creditors in the Chapter 7 proceeding was held on October 15, 1990. On October 18, 1990 the debtors recorded a second amended homestead deed, which is not relevant here.

## DISCUSSION

The debtors in this case want to be able to amend their original homestead deed to substitute property in which they likely have equity for the property originally listed in which there is no equity. Although there are few cases which consider the issue, it does not appear that Virginia law allows them to do so.

 The general rule in Virginia is that a homestead deed can be amended only to increase or decrease the value of property previously included or to correct descriptions of exempted property. See *In re Waltrip*, 260 F.Supp. 448, 451 (E.D.Va. 1966); *In re Custis*, 87 B.R. 415, 416 (Bankr.E.D.Va.1988); and *In Re Pennington*, 47 B.R. 322, 326 (Bankr.E.D.Va.1985). A debtor can amend to raise the value claimed up to the amount which, when added to other property claimed will protect

the maximum amount permitted under Section 34–4. *Oppenheimer v. Howell,* 76 Va. 218 (1882) and *In re Berkovics,* 50 B.R. 223, 225 (Bankr.E.D.Va.1985). A debtor cannot amend a homestead deed to add property not previously included which was owned by the debtor at the time the original deed was filed. Virginia Code § 34–21 (1990) and *In re Pennington,* 47 B.R. at 326.

The failure of a debtor to comply with the Virginia homestead exemption laws precludes an exemption in bankruptcy. *Zimmerman v. Morgan,* 689 F.2d 471, 472 (4th Cir.1982). The fact that Bankruptcy Rule 1009 allows the debtors to amend Schedule B–4 at any time does not determine whether the exemptions claimed therein are valid under state law.

The debtors go on to argue that a homestead deed filed by Chapter 13 debtors is "moot and of no effect" because in Virginia debtors do not need to perfect a homestead exemption in order for the bankruptcy court to consider that exemption in conducting the "best interests of the creditors" test required by 11 U.S.C. § 1325(a)(4) as a condition of confirmation. See *In re Morris,* 48 B.R. 313 (W.D.Va. 1985). There is no law that supports the debtors' position. *Morris* only considers whether a homestead deed needs to be perfected. Neither *Morris,* nor any other case, provides that a homestead deed perfected in accordance with Title 34 of the Virginia Code has no effect just because it was perfected by a Chapter 13 debtor. Because Virginia has opted out of the federal exemption scheme, Virginia debtors who have filed for protection under the Bankruptcy Code can only use Virginia exemptions. 11 U.S.C. § 522(b) (1988) and Virginia Code § 34–3.1 (1990). Virginia law, not federal bankruptcy law, determines the effect of filing a homestead deed and what property is validly exempted therein.

The fact that the debtors' converted from a Chapter 13 to a Chapter 7 proceeding also does not effect the validity of a homestead deed filed while the Chapter 13 proceeding was pending. Virginia Code § 34–17 determines when a homestead exemption must be perfected in order to claim it in a bankruptcy proceeding. It provides that when a debtor converts a case from Chapter 13 to Chapter 7, the homestead deed must be recorded on or before the fifth day after the date initially set for the Section 341 meeting of creditors held in the Chapter 7 case. Section 34–17 only sets a final date for filing; it says nothing about the validity of previously filed homestead deeds or amendments thereto.

### CONCLUSION

It appears to this court that under Virginia law a recorded homestead deed which lists property equal in value to the entire available homestead exemption cannot be amended to decrease the value of listed property in order to add other property not previously listed, at least not if the property was owned by the debtor when the original homestead deed was filed. That result is not changed because the original homestead deed was recorded when the debtor filed a Chapter 13 petition which was later converted to Chapter 7. The court therefore sustains the trustee's objection to the debtors' claimed exemption in the Tract 20A real property.