**In re Dorothy SCHOONOVER, Debtor.**

**Bankruptcy No. 3–90–02172.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 3, 1992.

Lester R. Thompson, Dayton, Ohio, for debtor.

John R. Butz, Trustee, Springfield, Ohio.

## DECISION AND ORDER DENYING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM FOR HOMESTEAD OBJECTION AND ALLOWING DEBTOR'S CLAIM OF EXEMPTION

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is an objection of the chapter 7 trustee in bankruptcy to the debtor's claim for a $5,000 exemption in the sale proceeds from her former residential property. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of exemptions from property of the estate.

## FACTS

On May 18, 1990, Dorothy Schoonover filed a chapter 13 petition in bankruptcy and claimed a $5,000 exemption in her residence pursuant to Ohio Revised Code § 2329.66(A)(1).[1] During October of 1991, the debtor, who had resided at her residence for approximately 18 years, moved out of her residence and into her mother's home. Because of a loss of employment, the debtor converted her chapter 13 case to a chapter 7 liquidation case on November 19, 1991. At some point during or around this period of time, the debtor's residence was sold at foreclosure proceedings, and there is $9,125 currently available for distribution from the debtor's chapter 7 bankruptcy estate. The debtor claims $5,000 of

these proceeds as her exemption, but the chapter 7 trustee has objected to the claimed exemption on the ground that the debtor had vacated her residence prior to the conversion of her chapter 13 case to chapter 7.

## CONCLUSIONS OF LAW

■ The issue is whether the debtor's exemption rights are determined at the date she filed her chapter 13 petition or the date that she converted her bankruptcy case from chapter 13 to chapter 7. As a general rule the appropriate date for determining exemptions is the date of the filing of a bankruptcy petition. *Smith v. Webb (In re Smith),* 121 B.R. 827, 830 (Bankr. E.D.Ark.1990); *In re Lindsey,* 94 B.R. 723, 724 (Bankr.S.D.Ala.1988). It is this date which provides a "line of cleavage" for determining exemptions. *In re Sajkowski,* 49 B.R. 37, 39 (Bankr.D.R.I.1985). Consistent with this rule, § 522 of the Bankruptcy Code provides that a debtor may exempt:

> any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is *applicable on the date of the filing of the petition....* (Emphasis Supplied)

11 U.S.C. § 522(b)(2)(A).

Section 348 of the Bankruptcy Code provides that the conversion of a bankruptcy case from one chapter to another chapter does not alter the filing date of the original bankruptcy petition:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the*

---

**1.** "Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev.Code § 2329.66(A)(1).

commencement of the case, or the order for relief. (Emphasis Supplied)

11 U.S.C. § 348(a).[2]

Read together, § 522 and § 348(a) dictate that the debtor's exemption rights are controlled by the date she filed her chapter 13 petition and not at the time the case was converted to chapter 7:

> "§ 522(b)(2)(A) specifies the date of filing as the date for determining what property may be exempted and § 348(a) states that conversion does not effect a change in that date." *In re Lepper*, 58 B.R. 896, 901 (Bankr.D.Md.1986).

"[T]o hold that the conversion date controls exemption eligibility would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude." *Stinson v. Williamson (In re Williamson)*, 804 F.2d 1355, 1359 (5th Cir.1986).[3]

Where, as here, a statutory scheme is coherent and consistent, there is generally no need for the court to inquire beyond the plain language of the statute. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240–241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Nevertheless, in *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.1984), *cert. denied*, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984), the Eighth Circuit went beyond the plain language of the statutes and concluded that the date of converting a chapter 13 case to chapter 7 controls the determination of a debtor's exemptions. The court acknowledged that examining § 348(a) in conjunction with § 522, "suggests[s] that the date of the chapter 13 petition controls," *Id.* at 1089, but found that other Code sections and the bankruptcy rules created a tension with these two Bankruptcy Code sections. After examining the policies behind exemptions in chapter 13 and administrative considerations, the court concluded that the date of conversion controls the exemptions that may be made from estate property. Although it is admittedly difficult to know when to abandon the plain wording of a statute and to examine policy considerations, this court agrees with the court's observation in *In re Whitman*, 106 B.R. 654, 657 n. 7 (Bankr.S.D.Cal.1989), that the concern expressed by the Eighth Circuit regarding the potential inability of debtors to make full use of their exemptions upon conversion is misplaced:

> The Eighth Circuit in *Lindberg* expressed concern that if the date of filing rather than the date of conversion controlled what exemptions a debtor can claim, a debtor would be foreclosed from exempting any new property acquired after filing but prior to conversion. *In re Lindberg*, 735 F.2d 1087, 1090 (8th Cir. 1984). By determining exemptions as of the conversion date, debtors can make full use of exemptions, thereby promoting the goal of the Bankruptcy Code: Providing debtors with a fresh start. *Id.* at 1090. The court in *Lindberg* reasoned that a debtor's right to claim exemptions should not be limited when converting from a chapter 13 to a 7, since a chapter 13 case is a voluntary procedure which may be dismissed by the debtor at any time. 11 U.S.C. Section 1307; *In re Lindberg*, at 1090.

The concern expressed by the court in *Lindberg* is misplaced. Bankruptcy Rule 1009 provides that a voluntary petition, schedule or statement of financial affairs may be amended by the debtor as a matter of course at any time before the case is closed. This rule is supported by case law which holds that amendments should be freely granted. *In re Whitman*, 106 B.R. 654, 657 n. 7 (Bankr. S.D.Cal.1989).

Based upon the plain meaning which emerges from reading § 522 and § 348(a) in conjunction, and finding no convincing

2. Subsections (b) and (c) are not applicable in this case.

3. Despite this strong statement and the court's emphasis on the language of the statute, the court confined its decision to a conversion from chapter 11 to chapter 7 and expressly refused to state whether the same result would occur if a chapter 13 case were converted to a chapter 7 case. In doing so, the court stated it was not saying that *In re Lindberg*, discussed next in the text of this opinion, was incorrectly decided. Equally important in the view of this court, however, is the fact that the Fifth Circuit did not say that *In re Lindberg* was correctly decided.

reason to go beyond that meaning, this court finds that the debtor is entitled to the $5,000 exemption claimed in her original chapter 13 bankruptcy petition.

Even if this court had determined that the date of conversion controlled the debtor's exemption rights, that finding alone would not be dispositive of this case. The court would have ordered a rehearing of the trustee's objection in order to conduct a more thorough inquiry into the debtor's reasons for leaving her residence and to establish a more precise chronology of events. On October 22, 1991, a Notice of Default was filed in this court by the mortgage holder, which resulted in a modification of the automatic stay of § 362 and permitted the mortgage holder to conduct foreclosure proceedings against the debtor's residence. If the debtor vacated the premises as a consequence of either actual or anticipated foreclosure proceedings, the court does not believe the debtor's exemption right was waived or forfeited. Obviously, in any foreclosure proceeding the debtor must vacate the premises at some time. It would be incongruous to find that where a debtor vacates premises in response to actual or anticipated foreclosure proceedings she may forfeit the exemption rights afforded by Ohio Revised Code § 2329.66(A) if she leaves "too early."

For the foregoing reasons, it is hereby ORDERED that the trustee's OBJECTION is DENIED, and the debtor's EXEMPTION is ALLOWED.