**In re Christopher L. HEATER and Adrianne D. Heater, Debtors.**

**Bankruptcy No. 94–32538–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Nov. 7, 1995.

**630**

Mary–Leslie Duty, Duty, Duty and Gay, Chesterfield, VA, for Debtor in No. 94–32538–S.

Bruce H. Matson, Trustee, LeClair, Ryan, Joynes, Epps & Framme, Richmond, VA.

Charles C. Cowsert, III, Fredericksburg, VA, for Debtor in No. 95–32026–S.

Gerald F. Daltan, Scott, Daltan & Van Lear, Fredericksburg, VA, for Unsecured Creditor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on Motion by Bruce H. Matson, trustee in Bankruptcy (the "Trustee") for Christopher L. Heater and Adrianne D. Heater (the "Debtors"), objecting to certain exemptions claimed by the Debtors. This is a core proceeding, over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334. The parties have stipulated to the facts, submitted memoranda of law in support of their positions, and have waived oral argument. After consideration of the pleadings, the joint stipulations of fact, the written arguments of each party, and upon review of the relevant law, this Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The Debtors filed for relief pursuant to Chapter 7 of the Bankruptcy Code on July 13, 1994. The Trustee was appointed as interim trustee, and continues to serve as the trustee in the Debtors' Chapter 7 proceeding.

As of the date of their bankruptcy filing, the Debtors owned a certain parcel of real property located in Seward County, Nebraska (the "Nebraska Property"). On Schedule C of the Debtors' Schedule of Assets and Liabilities, the Debtors claimed an exemption valued in the amount of $9,000 in the Nebraska Property. In an apparent attempt to perfect their exemption, on July 14, 1994, the Debtors filed Homestead Deeds for Personal Property in the Clerk's Office of the Circuit Court of Chesterfield County, notwithstanding the fact that the Debtors claimed residence in Henrico County, Virginia. The Homestead Deeds recorded in Chesterfield County were designated as Homestead Deeds for Personal Property, and claimed, among other personal property, an aggregate exemption of $9,000 related to the Nebraska Property, describing said exemption as "equity in real estate located at 406 Dimery, Nebraska—proceeds from foreclosure sale." (Debtors' Ex. 2 at 1, 3).

The Nebraska Property was transferred to a third party, apparently pursuant to a foreclosure sale, on or about August 3, 1994—more than three weeks after the Debtors' bankruptcy filing—without the knowledge or consent of the Trustee. The record is unclear with respect to whether the actual foreclosure sale occurred on August 3, or whether the final conveyance transaction or closing was completed on that date. But this distinction has no bearing on this Court's ultimate holding. After payment of liens and transaction costs, the Nebraska property conveyance resulted in net proceeds to the Debtors' bankruptcy estate in the amount of $7,675.73. The Debtors' attorney currently

holds the proceeds in escrow pending the resolution of this matter.

The initial meeting of creditors in the Debtors' case was noticed to be held on August 19, 1994, with the actual meeting occurring on August 18, 1994. The Debtors refiled the same Homestead Deeds for Personal Property—this time in Henrico County—on August 19, 1994. In doing so, the Debtors attempted to maintain the same aggregate exemption of $9,000 related to the Nebraska Property.

By motion filed September 19, 1994, the Trustee objected to the exemption claimed by the Debtors relating to the Nebraska Property. The Trustee argues that the Debtors' attempted exemption in a real property interest was not timely filed in the jurisdiction within which the property was located, thus defeating said exemption. The Debtors' argue that the Homestead Deeds for Personal Property, filed by the Debtors in Henrico County on August 19, 1994, meet all statutory exemption filing requirements since their interest at the time of the homestead deed filing was one in personalty and not realty.

### CONCLUSIONS OF LAW

By their briefed stipulations, the parties have narrowed the issues before the Court to a single question. On the day the Debtors filed their bankruptcy petition, the Debtors' interest in the Nebraska Property was one in real property. On the day that the Debtors filed their homestead deeds in Chesterfield County, their interest was one in real property. But on the day the Debtors filed their homestead deeds in Henrico County, the county of their residence in Virginia, their interest in the proceeds of the Nebraska Property was one in personalty since the foreclosure sale had already taken place. The question thus formed is, in a Chapter 7 bankruptcy case, when should the estate property be characterized with respect to the determination and perfection of a debtor's exemptions, on the date of petition filing, or on the date of exemption filing?

Bankruptcy petition filing creates an estate that consists primarily of all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541 (West 1994).[1] The extent and limit of the Debtors' bankruptcy estate is determined by the provisions of 11 U.S.C. § 541.[2] Thus, it is uncontested that whatever interest the Debtors maintained in the Nebraska Property became part of the bankruptcy estate as of July 13, 1994—the date of their Chapter 7 filing.

The bankruptcy estate, once formed, may be modified pursuant to the provisions of 11 U.S.C. § 522,[3] which permit debtors to ex-

---

1. The Court notes that Title 11 of the United States Code has been amended by the Bankruptcy Reform Act of 1994. This case was filed in July of 1994. Therefore, all citations to Bankruptcy Code sections within this Opinion refer to Title 11 of the Code in its former version, since the Code amendments relevant to this Opinion apply only to those cases filed after October 22, 1994. Bankruptcy Reform Act of 1994 § 702, Pub.L. No. 103–394, 108 Stat. 4106 (1994).

2. The relevant portions of § 541 read as follows:
   (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

   .    .    .    .    .

   (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such

as are earnings from services performed by an individual debtor after the commencement of the case.

   .    .    .    .    .

   11 U.S.C. § 541 (West 1994).

3. In relevant part, § 522 provides as follows:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.

   .    .    .    .    .

   (2)(A) **any property that is exempt under** Federal law, other than subsection (d) of this section, or **State or local law that is applicable on the date of the filing of the petition** at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place;
   11 U.S.C.A. § 522 (West 1994) (emphasis added).

empt certain property interests from the bankruptcy estate. Section 522 outlines a federal exemption scheme, and also permits states to "opt out" of the federal scheme by creating state law exemptions. The Commonwealth of Virginia, through enactment of § 34–3.1 of the Code of Virginia,[4] has mandated the use of its own set of statutory exemptions in place of those provided by 11 U.S.C. § 522(d). *Dominion Bank, N.A. v. Osborne*, 165 B.R. 183, 185 (Bankr.W.D.Va. 1994). As a result, the Virginia statutory exemptions apply to the Debtors' bankruptcy estate.

The Homestead Exemption of Householders (the "Homestead Exemption") permits Virginia debtors to selectively exempt real and personal property up to a specified value. Va.Code Ann. § 34–4 (Michie 1990).[5] Courts have read this statute to permit both husband and wife to take a $5,000 Homestead Exemption when both husband and wife are debtors in bankruptcy. *Cheeseman v. Nachman*, 656 F.2d 60, 64 (4th Cir.1981). Applying the statute, and based upon the existence of their minor child, the Debtors were eligible for a combined $11,000 Homestead Exemption in their Chapter 7 case.

Other statutory provisions specify both the manner and time period within which a debtor must perfect or "set apart" exemptions in real and personal property. With respect to real property, a debtor must record a signed writing—the Homestead Deed For Real Property—which adequately describes the property and the debtor's intentions, and which must "be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located." Va.Code Ann. § 34–6 (Michie 1990). Moreover, Virginia law is clear that debtors who claim an interest in property located outside of Virginia must comply strictly with the Homestead Exemption recording requirements by filing a homestead deed in the appropriate jurisdiction wherein the property is located.[6] *In re Calhoun*, 47 B.R. 119, 123 (Bankr.E.D.Va.1985). Similarly, debtors desiring to exempt personal property must file a signed writing—the Homestead Deed for Personal Property—adequately describing the property in question and the debtor's intentions, which then must "be recorded as deeds are recorded, in the county or city wherein such householder resides." Va.Code Ann. § 34–13 (Michie 1990).

A related statute mandates time limits within which a debtor must "set apart" homestead exempt property.

> To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy or (ii) against whom an involuntary petition in bankruptcy is filed **shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not**

---

4. Section 34–3.1 of the Code of Virginia reads as follows:

—No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly be permitted under this title. Va.Code Ann. § 34–3.1 (Michie 1990).

5. Virginia code § 34–4 provides in relevant part that:

Every householder shall be entitled ... to hold exempt from creditor process arising out of debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value. Va.Code § 34–4 (Michie 1990).

Section 34–4 goes on to provide debtors with an additional exemption not exceeding $500 for each dependent for which that debtor provides primary support. *Id.*

6. For example, in order for a Virginia debtor to perfect a Homestead Exemption in real property located in Seward County, Nebraska, that debtor would be required to file a homestead deed in real property—or a document that substantially conforms to the information requirements reflected in Va.Code § 34–6—with the Seward County, Nebraska Register of Deeds. Nebraska maintains similar but more restrictive homestead deed exemption provisions which debtors may take advantage of in bankruptcy, and which require the filing of a homestead election with the clerk of an appropriate court. *See* Neb.Rev.Stat. §§ 40–101 to 40–118 (1995); *Federal Land Bank of Omaha v. Blankemeyer*, 228 Neb. 249, 422 N.W.2d 81, 83 (1988). The record in this case is void of any evidence that the Debtors complied with the complementary statutes of Virginia or Nebraska in perfecting a homestead deed exemption in the Nebraska Property by filing a conforming notice with the Seward County Register of Deeds or an appropriate Nebraska court.

**thereafter.** Va.Code Ann. § 34–17 (Michie 1990) (emphasis added).

■ In summary, with respect to homestead exemptions, a Virginia debtor may set apart real or personal property from the debtor's bankruptcy estate, valued up to a specified limit, by properly filing appropriate homestead deeds in the correct location no later than five days after the date initially set for the debtor's § 341 meeting of creditors. *See, e.g., In re Emerson,* 129 B.R. 82, 84 (Bankr.W.D.Va.1991), *aff'd,* 962 F.2d 6 (4th Cir.1992).

■ In the case before this Court, each Debtor filed the same homestead deed in two different jurisdictions, both purporting to exempt personal property from their bankruptcy estate. The first filing, which occurred on July 14th, 1994 in Chesterfield County, was clearly ineffective for any purpose. Virginia law is clear that debtors must comply strictly with statutory requirements in order to be afforded any claim to exemptions thereunder for bankruptcy purposes. *See, e.g., Emerson,* 129 B.R. at 84 (denying debtor's attempted revision of exempted property); *In re Fromal,* 151 B.R. 730, 732 (E.D.Va.1993), *aff'd,* 14 F.3d 594 (4th Cir.1994), *cert. denied* —— U.S. ——, 114 S.Ct. 2148, 128 L.Ed.2d 875 (1994), *reh'g denied* —— U.S. ——, 115 S.Ct. 15, 129 L.Ed.2d 914 (1994) (disallowing Federal exemptions claimed by the debtor as Virginia has opted out of the Federal exemption scheme). Since Va.Code § 34–13 requires that any Homestead Deed for Personal Property be filed in the requesting debtor's county or city of residence—in this case Henrico County—the July 14 filing in Chesterfield County was fatally defective, regardless of the characterization of the exempted property.

Debtors allege, however, that their August 19 filing in Henrico County is sufficient, in and of itself, to perfect their exemption in the proceeds from the foreclosure sale of the Nebraska Property. On its face, the Debtors' August 19 filing clearly meets the time requirements established by Va.Code § 34–17, since the filing occurred within five days after the August 19th scheduled § 341 meeting.

At issue, however, is whether the Debtors' property interest should be characterized for the purpose of filing an exemption as of the date of the Debtors' bankruptcy filing, or as of the date of the exemption filing. The Debtors contend that they held an interest in personal property on the date of their Henrico County exemption filing, and thus their Henrico County Homestead Deeds for Personal Property were sufficient to perfect their exemption in the proceeds of the Nebraska Property foreclosure sale up to a value of $9,000. Conversely, the Trustee argues that estate property should be characterized for exemption purposes as of the date of the bankruptcy filing, and thus, Debtors must first have filed a Homestead Deed for Real Property in the Seward County, Nebraska Register of Deeds office in order to perfect any exemption in the sale proceeds.

■ The first step in deciding this issue is to examine the relevant statutory provisions, looking to the text of the statutes for guidance. Where the statutory language is clear, and the purpose of the statutory scheme is evident from a plain reading, the court simply applies the plain meaning of the statute. *See Dominion Bank, N.A. v. Osborne,* 165 B.R. 183 (Bankr.W.D.Va.1994). Unfortunately, the applicable state and federal statutes, taken as a whole, do not provide a definitive answer. Sections 522 and 541 of the Bankruptcy Code control the formation of the bankruptcy estate, and permit the operation of Virginia law to carve exemptions from that estate. Virginia statutes outline the homestead exemption in question, and provide specific guidance with respect to perfection of that exemption depending upon whether the property in question is characterized as personalty or real property. *See* Va.Code Ann. § 34–4 (Michie 1990). But neither federal nor state statutes clearly articulate whether the estate must be characterized immediately upon filing the bankruptcy petition, or whether debtors are free to adopt any changes in the character of the property when accomplishing later, albeit timely, filings.

Virginia law does provide clear guidance with respect to changes in the character of *already exempt* property of the estate. Pur-

suant to Va.Code § 34–20,[7] proceeds from the sale of exempt property, or property acquired in exchange for exempt property, retain an exempt status. Moreover, § 34–20 goes on to require that the debtor file appropriate homestead deeds, clearly identifying the newly acquired property as exempt, as well as identifying the source of that property. *Id.* Thus, as mandated by Virginia statute, once property is exempt, the property remains exempt, regardless of any change in the characterization of the property, so long as the debtor makes proper filings aimed at providing notice to creditors and third parties. But § 34–20, by its title and language, applies only to instances wherein property already exempt changes its form or character.

Several courts have dealt at least tangentially with the issue of property characterization for debtor estate exemptions in light of conversion of Chapter 13 and Chapter 11 cases to those under Chapter 7, and in the context of debtors who are divorced and widowed. Indeed, in the absence of state statutory guidance, courts are in some minor disagreement with respect to whether property characterization should be controlled by the original filing date, or by a later conversion filing date, depending upon the facts and circumstances and type of conversion.[8]

■ In general, "the appropriate date for determining exemptions is the date of filing a bankruptcy petition. It is this date which provides a 'line of cleavage' for determining exemptions." *In re Schoonover,* 147 B.R. 430, 431 (Bankr.S.D.Oh.1992) (citations omitted). In *Schoonover,* the debtor filed a Chapter 13 petition and claimed a valid exemption in her home. After the sale of the home, the debtor continued to claim an exemption in the proceeds. The debtor attempted to maintain her exemption in the proceeds even after she converted her case to one under Chapter 7. At issue before the

---

7. In relevant part, Section 34–20 states that:

   § 34–20. Proceeds of Sale of estate exempt; how evidenced. The estate or property in which proceeds of sale are invested, or which may be acquired in exchange, under any of the preceding sections of this chapter, shall be held exempt in like manner and to the like extent a the estate sold or exchanged was held. But such estate or property when acquired in exchange or otherwise than by investment under an order of court, or unless when set apart by a court, shall be set apart, if real estate, by such a writing as is prescribed by § 34–6; if personal estate, by such a writing as is prescribed by § 34–14; and such a writing shall be recorded as provided by the same sections, respectively. Va.Code Ann. § 34–20 (Michie 1990).

8. Virginia statutes now deal explicitly with the effect of bankruptcy case conversion on any property exemption filing deadlines. In relevant part, Va.Code § 34–17 states that: ... A householder who converts a case from Chapters 11, 12 or 13 to Chapter 7 shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341 in the Chapter 7 case, but not thereafter. Va.Code Ann. § 34–17 (Michie 1990).

   A number of Virginia courts have construed the relevant statutes to permit debtors to amend homestead deeds to increase or decrease the valuation of items already claimed exempt, but not to amend the homestead deed to claim additional items exempt once the total exemption has been claimed or the mandatory time limit has been reached. *See, e.g., In re Redmon,* 31 B.R. 756, 759 (Bankr.E.D.Va.1983) (denying debtor the ability to amend his homestead deed to add additional items after the filing deadline and after the debtor had exhausted his homestead exemption); Va.Code Ann. § 34–21 (Michie 1990) (determining when a debtor's homestead exemption is exhausted). Courts have also applied this principal to cases in which debtors have converted their Chapter 13 proceeding to one under Chapter 7. *See In re Emerson,* 129 B.R. 82 (Bankr.W.D.Va.1991), *aff'd.,* 962 F.2d 6 (4th Cir.1992) (holding that a recorded homestead deed which lists property equal in value to the entire available homestead exemption may not be amended to decrease the value of the property listed thereon in order to add property not previously listed—at least not with respect to property owned by the debtor when the original homestead deed was filed).

   This has led to a general practice in Virginia wherein debtors claim a large number of properties as exempt and assign nominal values to those properties. The debtor then adjusts the valuation of his exemptions after determining the exact equity amount in each property, thereby maximizing the effective value of the exemption. *See, e.g., Addison v. Reavis,* 158 B.R. 53, 56–57 (E.D.Va.1993), *aff'd. by In re Grablowsky,* 32 F.3d 562 (4th Cir.1994). Presumably, the debtor may amend his homestead deeds—within the filing time limitations—in order to add additional property until the debtor has claimed a total exemption equaling the entire available homestead exemption. *See* Va.Code Ann. § 34–21; *Emerson,* 129 B.R. at 84; *Reavis,* 158 B.R. at 56–57.

*Schoonover* Court was whether the exemption property should be permanently characterized at the initial filing of a bankruptcy proceeding, or whether recharacterization was possible at a later time, such as upon conversion to a Chapter 7 proceeding.

After reiterating the general rule, examining the relevant statutory provisions, and considering the impact of the decision on debtors, the *Schoonover* Court determined that the initial bankruptcy filing date was controlling with respect to determining exemptions, and permitted the debtor to maintain her exemption in the home sale proceeds. *Id.* at 433. While the *Schoonover* decision relied to some extent upon statutory construction of Chapter 13 Bankruptcy Code provisions, the *Schoonover* Court also reflected upon policy and administration concerns prior to adopting its holding that exemptions are determined as of the debtor's original filing date. *Id.* at 432–33.

The *Schoonover* Court also favorably referred to *In re Whitman,* an earlier decision of another bankruptcy court which reached a similar conclusion in a case involving a Chapter 11 proceeding. 106 B.R. 654 (Bankr. S.D.Cal.1989). *Whitman* also involved a homestead exemption claim in real property and the proper characterization of the proceeds of a post-petition sale of the exempted real property. The *Whitman* court reiterated the general rule, and embraced an earlier Fifth Circuit decision, *Stinson v. Williamson (Matter of Williamson ),* 804 F.2d 1355 (5th Cir.1986), prior to concluding that "[b]y using the filing date of the bankruptcy petition to demarcate what exemptions a debtor may claim, the Court can determine with certainty the debtor's exemption rights." *Whitman* at 658. *See also Williamson,* 804 F.2d at 1355 (holding that a homestead exemption would be determined as of the date the debtor initially filed his Chapter 11 reorganization petition, not upon any later conversion

date); *In re Lindsey,* 94 B.R. 723 (Bankr. S.D.Ala.1988) (holding that the appropriate date for determining bankruptcy exemptions is the date of filing, disregarding any later conversions of the property in question).

Admittedly, the decisions outlined above are not entirely dispositive of the issue in this case. However, the prevailing analyses point to an adherence to the date of bankruptcy petition filing as determining the exemptions available to the debtor, and, by implication, to determine the characterization of those exemptions. A number of other courts have stated the same general rule in a variety of other circumstances and fact situations. *See, e.g., Cordova v. Mayer, (In re Cordova ),* 177 B.R. 527, 529 (E.D.Va.1995) (holding that "[the bankruptcy] exemption was fixed at the time of filing [the debtor's] petition" in a case involving a divorce proceeding); *In re Sivley,* 14 B.R. 905, 909–10 (Bankr.E.D.Tenn.1981) (stating the general proposition that "the debtor's exemptions are determined as of the time of filing [their petition]" in the context of tenancy by the entirety property in a divorce proceeding); *In re Webb,* 121 B.R. 827, 830 (Bankr.E.D.Ark.1990) (stating that a debtor's right to exempt property is fixed on the date of filing his bankruptcy petition in applying an Arkansas homestead exemption statute to a debtor who became a widower after his petition date).

Other courts have reached a different conclusion with respect to the effective property characterization date in the context of conversion cases. *See, e.g., In re Lindberg,* 735 F.2d 1087 (8th Cir.1984), *cert. denied by Armstrong v. Lindberg,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984); *Winchester v. Watson,* 46 B.R. 492 (Bankr.9th Cir.1984). The *Lindberg* Court found that the date of conversion from Chapter 13 to Chapter 7 should be controlling with respect to determining the property of the bankruptcy estate for exemption purposes.[9] *Lindberg,* 735

**9.** The *Lindberg* holding appears to be consistent in some respects with the current Virginia statutory exemption scheme. Virginia statutes permit debtors converting to a Chapter 7 bankruptcy to set apart a Homestead Exemption up until five days after the § 341 creditors' meeting in the Chapter 7 proceeding. Va.Code Ann. § 34–17 (Michie 1990). The converting debtor may therefore use the conversion filing date with re-

spect to timing his Homestead Exemption filing. But as previously stated, if a Virginia debtor converting to Chapter 7 has already set apart a Homestead Exemption equal to the maximum value available, that debtor is precluded from amending his previous Homestead Exemption except to adjust the values of property already set

F.2d at 1091. The *Lindberg* Court disregarded significant Bankruptcy Code statutory guidance—stating that a tension existed within the Bankruptcy Code and Rules—and reached its holding based upon its considerations of policy and the administration of Chapter 13 proceedings.

Specifically, the *Lindberg* Court pointed to the conflicting incentives for debtors to aggressively pursue and file exemptions in a non-liquidation Chapter 13 proceeding, and the potentially significant problem of property acquired by the debtor after the commencement of his Chapter 13 proceeding but prior to converting to Chapter 7. *Lindberg*, at 1089–90. Because the case before this Court involves a Chapter 7 proceeding—not a conversion from Chapter 13 to Chapter 7— the concerns cited by the *Lindberg* Court have no relevance in this Court's decision. The Debtors' estate acquired no additional property after the commencement of their bankruptcy proceeding, and the Debtors had every possible motivation to immediately take full advantage of their available exemptions.

*Lindberg* has been roundly criticized for its disregard of the Bankruptcy Code statutory language, and misplaced concerns with regard to policy. *See, e.g., In re Lepper*, 58 B.R. 896 (Bankr.D.Md.1986) (finding that *Lindberg* misinterpreted the relevant statutes and rules); *Williamson*, 804 F.2d at 1359–62 (refuting each of the statutory and policy arguments in *Lindberg* in the context of a Chapter 11 to Chapter 7 conversion). In any event, *Lindberg* is limited within its own circuit to Chapter 13 conversions. *See Koch v. Myrvold*, 784 F.2d 862 (8th Cir.1986).

And more importantly, the holding in *Lindberg*—which would permit debtors to characterize their exemption property as it existed on the date of the debtor's bankruptcy conversion rather than the date of bankruptcy petition filing—is not entirely inconsistent with a holding that would require Virginia debtors in a non-conversion bank-

ruptcy proceeding to characterize their exemption property as it existed on the date of their bankruptcy petition filing. *Lindberg* does not stand for the proposition that debtors may arbitrarily choose the date upon which their property would be characterized for exemption purposes. Instead, *Lindberg* points to the adoption of an alternative date certain—the date of conversion to Chapter 7—on which to characterize property for exemption purposes.

The Trustee advocates that this Court adopt a "bright-line" rule with respect to characterizing the Debtors' exemption property. In his objection to the Debtors' attempted exemption, the Trustee states that based upon "the need for accuracy and certainty, one date should be the operative date for making exemption claim determinations. This date, logically, can only be the filing date." (Trustee's Objection at 3). The Trustee's argument is compelling in that it provides protection and certainty to all of the parties involved with and affected by the bankruptcy proceeding.

Conversely, the Debtors urge this Court to adopt a position that would permit characterization of property as of the actual date of homestead deed filing. However, the Debtors' position is a modification of the traditional rule of characterization relating to the date of filing the petition. And this Court is convinced that permitting such a practice would introduce potential confusion, and would appear to be hostile to the notice policy inherent in the homestead deed filing process. Adoption of a bright-line rule that synchronizes the identification of the property of the estate and the characterization of that property at the time of filing the petition—the approach advocated by the Trustee—serves to eliminate that potential confusion or distortion. Additionally, adherence to the traditional rule would serve to benefit debtors by permitting a bankruptcy debtor to more easily follow and retain his post-bankruptcy interests in an asset that changes its appearance after petition filing.

---

apart. *See supra* note 8. This Court need not give consideration to the effect of Virginia Code § 34–17 as to whether or not the characterization of a debtor's property—as realty or personalty—would be determined by that property's state

of existence as of the original Chapter 13 filing or the subsequent date of conversion. That question is not before this Court, and accordingly, the Court declines to make such a finding.

Virginia statutes do provide some support for the notion that estate property should be characterized on the date of filing. The Virginia exemption scheme stresses the importance of notice to all parties and creditors who may have an interest in potentially exempt property. Virginia Code § 34–20 articulates this policy, requiring revision and refiling of homestead deeds after changes in the form of the exempt property. It would be difficult to imagine this scheme permitting a debtor to ignore the original character of the property subject to exemption for any period after the initiation of bankruptcy proceedings.

As demonstrated by the facts of this case, a bright-line test would also serve to protect debtors in securing exemptions within the context of the Virginia exemption scheme. Both the Debtors and the Trustee stipulate that the sale of the Nebraska Property represents a post petition transfer of the estate property, and as such, the sale could be avoided by the Trustee pursuant to § 549 of the Bankruptcy Code. If the Trustee elected to pursue that alternative and avoid the Nebraska Property transfer, and if the Trustee were successful in doing so, the Debtors' alleged property rights in the foreclosure sale proceeds would be nonexistent. Moreover, since the Debtors chose to characterize their property on the date of their homestead deed filing and filed Homestead Deeds in Personal Property, the Debtors would be precluded from filing an effective Homestead Deed in Real Property pursuant to the requirements of Va.Code § 34–17 after the Trustee avoided the foreclosure sale. Debtors who have not previously filed Homestead Deeds are fully protected only by characterizing property for exemption purposes on the date that the property came into their bankruptcy estate—the date that they filed their petition.

The Debtors may contend that they relied upon statements of the Trustee at the § 341 creditor's meeting with respect to the Trustee's intention not to avoid the improper sale. But this Court is not convinced that the Debtors' argument would have any merit, particularly in light of the fact that the Trustee apparently had no knowledge of the Nebraska Property conveyance prior to the § 341 meeting—knowledge that the Debtors may have had, and if so, should have disclosed at an earlier date.

The Debtors also argue, at least impliedly, that characterizing property as of the date of filing may result in multiple and potentially redundant or ineffectual homestead deed filings. While potentially true, this statement does not significantly detract from the benefits of adopting the filing date characterization standard. The Virginia Legislature clearly envisioned the necessity of multiple filings as property changed its form throughout the bankruptcy process. *See, e.g.,* Va. Code § 34–20. While some filings may result in redundancy, and in some instances, the filing may represent nothing more than a meaningless gesture, the cost of compliance is simply a price necessary to ensure notice and protection for the parties involved. The comparably minimal cost of filing a Homestead Deed in Real Property in Nebraska is simply part of the cost that the Debtors must tolerate in order to avail themselves of the protection of the Bankruptcy Code within the context of the Virginia exemption scheme.[10]

An additional consideration focuses upon the underlying motivation for the exemption scheme. The need for and importance of the information provided by accurate homestead deed filings is manifest. If the information obtained had no value, why would the Virginia Legislature require debtors to update

---

10. By way of comparison, Nebraska debtors initiating bankruptcy proceedings are required to file copies of their bankruptcy petition with the Register of Deeds in each county in which the debtor has an interest in real property, thereby providing the maximum possible notice to any potential purchasers of the property or creditors of the debtors. *See* Neb.Rev.Stat. § 23–1527 (1995). This filing is in addition to a mandatory homestead exemption filing, and appears to be much more potentially onerous than Virginia's

requirement to provide adequate notice of exemptions. As an aside, since the Debtors in this case filed a bankruptcy petition in Nebraska in 1993, they were presumably aware of both the Nebraska bankruptcy filing requirements, and the procedures necessary to file conforming notices with the register of deeds in Seward County, Nebraska. The effect, if any, of the Nebraska bankruptcy filing on this proceeding or the subject real property is not now before this Court, by stipulation or otherwise.

and modify their homestead deed filings? Forcing the debtor to characterize property as of the bankruptcy petition filing date promotes a sharing of information amongst the parties to the bankruptcy. The debtors obviously had knowledge of the impending foreclosure sale when the filed their bankruptcy petition. The attempted Chesterfield County homestead deeds demonstrate the Debtors' intent to permit the sale to go forward. The debtor's apparently chose to permit a sale to occur contrary to the automatic stay, without providing notice or warning to the trustee. Had the debtors confided their knowledge, this problem may have been averted.

While in this case, the improper foreclosure sale ultimately represents a benefit to the estate, and while there have been no allegations of fraud or misfeasance on the part of the Debtors, it is not difficult to imagine a different result. Characterizing property as of the date of filing may provide a modicum of incentive to Debtors to disclose information in a timely fashion, thereby supporting the overall exemption filing scheme.

The Debtors also rely upon Va.Code § 34–17, suggesting that the Virginia Legislature modified the statute to extend the exemption filing deadline and to provide debtors with more time to file in recognition that estate property may change its form. Prior to 1985, Va.Code § 34–17 required bankruptcy debtors to set apart exemptions by filing homestead deeds "before or on the same day that he files his [bankruptcy] petition." Va. Code Ann. § 34–17 (1984). In 1985, the Virginia Legislature amended § 34–17 to its present form, permitting debtors additional time within which to file conforming exemption homestead deeds.

While this Court is unable to locate any direct evidence of the Virginia Legislature's intentions, it is unlikely that the Legislature was motivated by a recognition that the character of the bankruptcy debtor's property may change. The more likely explanation is a recognition by the Legislature that many debtors are sometimes forced to file their bankruptcy petitions with little or no time to seek the advice of competent counsel, and to analyze their needs and options. By delaying the mandatory exemption filing date, the Virginia Legislature provided more time for debtors to evaluate their assets and formulate a reasonable bankruptcy plan, thereby maximizing the debtors' potential for a viable "fresh start" after bankruptcy.

The facts of this case demonstrate a potential need by debtors for more time in order to file exemption homestead deeds in widely dispersed locations. But since the bankruptcy estate is or should be in the trustee's control, and since provisions are available with which to maintain exemptions in converted property, the exemption filing grace period is not likely a recognition that property would change form. In fact, permitting property to change form and then to become exempt would seem to represent the antithesis of the notice requirements of the exemption scheme.

This Court recognizes that today's holding will deny the Debtors an exemption that would otherwise have been available to them. While it is recognized that homestead exemption statutes should be construed in favor of the debtor when possible, *Dickens v. Snellings (In re Snellings )*, 10 B.R. 949, 953–54 (Bankr.W.D.Va.1981), it is just as well settled that debtors must strictly abide by the Virginia requirements for filing homestead deeds in order to be entitled to an exemption. *Crossroads of Hillsville v. Payne,* 179 B.R. 486, 489 (W.D.Va.1995).

After weighing the opposing and conflicting interests, this Court concludes that the benefits of certainty mandate adherence to the traditional rule. This Court therefore holds that property must be characterized for purposes of determining and obtaining bankruptcy exemptions as of the date of the bankruptcy petition, and not on the eventual exemption filing date. The Trustee's objection to the Debtors' exemption is thereby sustained. An Order conforming with this Memorandum Opinion will be entered by the Court.