**In re Paul G. McWILLIAMS.**

**No. 01–61855.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Oct. 7, 2002.

Robert A. Canfield, Richmond, VA, for Debtor.

Peter J. Barrett, Richmond, VA, for Chapter 7 Trustee.

### MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held September 4, 2002, on the chapter 7 trustee's objection to a homestead exemption in real property claimed by debtor Paul G. McWilliams. The court must determine whether debtor, a Virginia resident, satisfied the procedural requirements for claiming a homestead exemption in Virginia for realty located in North Carolina.

For reasons stated below, the court will sustain the trustee's objection to the claimed homestead exemption due to debtor's failure to file his homestead deed in compliance with Virginia Code § 34–6.

### Findings of Fact.

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 1, 2001. Debtor's initial meeting of creditors required by 11 U.S.C. § 341 was scheduled for December 10, 2001. Trustee required additional documents from debtor that were not provided on December 10, and the meeting was continued to January 25, 2002. The meeting was

then continued twice in February (February 2, 2002, and February 22, 2002), once in March (March 8, 2002), once in April (April 2, 2002), and was finally concluded on April 18, 2002.

Chapter 7 trustee Kevin Huennekens filed an objection on April 24, 2002, to an exemption claimed by debtor on schedule C of the petition. Debtor's schedule C claims exemption for real property described as "Rental Property—6500 Kemper Court, Fayetteville, NC." The authority cited for the exemption is 11 U.S.C. § 522(b)(2)(B) (defining property owned in tenancy by the entirety) and Virginia Code § 34–4 (outlining the homestead exemption). Debtor has waived the § 522(b)(2)(B) exemption and only the objection to debtor's claimed homestead exemption remains for the court's consideration.

At the time of filing his bankruptcy petition, debtor resided in Chesterfield County, Virginia, and filed his homestead deed in the Circuit Court of Chesterfield County. Debtor did not file a homestead deed in North Carolina where the exempted property at issue is located.

### Position of the Parties.

At issue is the statutory construction and interpretation of Virginia Code § 34–6 which governs how a homestead exemption may be claimed in real property.

Debtor asserts first that trustee's objection was untimely filed because it was not filed within 30 days of the January 25, 2002, § 341 meeting date. Debtor claims that no additional adjournment date was announced after January 25 and that the § 341 meeting was concluded on that date.

Debtor then argues that filing of the homestead deed in Chesterfield County where he resides is sufficient to satisfy the requirements of Virginia Code § 34–4 and

§ 34–6. Debtor urges the court to construe the statute liberally in favor of the debtor and overrule the trustee's objection.

Trustee maintains that his objection was timely and should be measured from April 18, 2002, the date the § 341 meeting was actually concluded.

Trustee contends that Va.Code § 34–6, as amended in 1998, requires a debtor to file a homestead deed in both the county in which the debtor resides and the county in which the property is located. This latter requirement would include filing in a jurisdiction outside Virginia when the property is located in another state.

### Conclusions of Law.

### Timeliness of Trustee's Objection

■ Trustee objected to debtor's claimed exemption under Federal Rules of Bankruptcy Procedure 4003(b). This rule provides that a "party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341 is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." *Id.* Trustee's unrefuted evidence at hearing proved that the § 341 meeting was concluded on April 18, 2002, and his objection was filed on April 24, 2002. Thus the trustee's objection was timely filed under Rule 4003(b).

### The Virginia Homestead Exemption

Virginia Code § 34–4 allows any resident of Virginia "to hold exempt from creditor process arising out of a debt, real and personal property, ... to be selected by the householder ... not exceeding $5,000 in value." Va.Code Ann. § 34–4 (Michie 1996). In order to secure this exemption, a debtor must submit an appropriate writing, usually referred to as a homestead deed, "signed by him and duly

admitted to record, to be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located **and** if such property is located outside of the Commonwealth, in the county or city where the householder resides." *Id.* at § 34–6 (Michie Supp.2002) (emphasis added).

Prior to its amendment in 1998, this section provided that the debtor could secure the benefit of the homestead exemption by submitting the appropriate writing "signed by him and duly admitted to record, to be recorded as deeds are recorded, in the county or city wherein such real estate or any part thereof is located." *Id.* (Michie 1996).

Although the prior law did not specifically mention an out-of-state filing of a homestead deed for realty located outside Virginia, our court of appeals in affirming lower court decisions from this district has interpreted the prior version of § 34–6 as requiring the filing of a homestead deed in the appropriate jurisdiction of the state where the property is located. *See Calhoun v. Tice (In re Tice),* No. 85–1786, 1986 U.S.App. Lexis 18854 (4th Cir. May 20, 1986) (unpublished, *see* 790 F.2d 888 (4th Cir.1986)).

Further, this court has found no case law interpreting the 1998 statute with respect to the issue raised by debtor here. As noted, debtor asserts that the new § 34–6 relieves a Virginia debtor from filing a homestead deed in another state so long as the filing is made in debtor's city or county of residence.

In arguing that the court should follow debtor's reading of the amended statute, debtor states that the court should construe § 34–6 liberally, as courts "generally consider the homestead exemption as remedial in nature and liberally construe it in favor of debtors." *In re Jackson,* No. 00–34451, 2001 WL 540297, at *5, 2001

Bankr.LEXIS 525, at *15 (Bankr.E.D.Va. Mar. 30, 2001); *see also In re Mackta,* 261 B.R. 189, 194 (Bankr.E.D.Va.2000) (stating that courts liberally construe the homestead exemption to protect debtors and their families).

However, this court has also noted that under Virginia law "debtors must comply strictly with statutory requirements to be afforded any exemptions." *In re Jackson,* at *5, 2001 Bankr.LEXIS 525, at *15. If debtors fail to follow the statutory "prerequisites for filing a homestead deed, they are not entitled to the exemption." *Id.* at *5, 2001 Bankr.LEXIS 525, at *16; *see, e.g., In re Heater,* 189 B.R. 629, 633–34 (Bankr.E.D.Va.1995) (stating that Virginia law clearly requires debtors to strictly comply with the statutory requirements in order to benefit under the homestead act).

The parties agree that debtor filed a homestead deed in the county where he resided at the time of filing his petition and that he did not file the deed in the North Carolina county in which the real property being claimed is located. The only dispute surrounds their respective readings of § 34–6 as amended in 1998. The previous version of the statute described where a claimant must file if claiming real property immediately followed by a detailed description of what documents the claimant must file there. If the property was located out of state, the homestead deed was required to be filed in the locale of the property in that state. *See In re Calhoun,* 1986 U.S.App. Lexis 18854, at *2.

The current version of § 34–6 retains the old language requiring the homestead deed to be filed where the property is located but adds new language, "... if such property is located outside of the Commonwealth, in the county or city

where the householder resides." Va.Code Ann. § 34–6 (Michie Supp.2002).

The added language is interpreted to merely create an additional requirement that a Virginia resident must satisfy if claiming a homestead exemption for land located outside Virginia. The court disagrees with debtor's counsel that the Virginia General Assembly has provided this new clause as an alternate means of filing for claimants attempting to exempt land located outside Virginia. The language of the amended statute is unambiguous and does not excuse a debtor from the requirement of filing a record of the Virginia homestead deed in the other state.

Moreover, the filing of a homestead exemption deed where real property is located is an important requirement, according with general principles of real property law that the public record of title is paramount. There would seem to be little question that a claim of exemption has an impact on a property's title that should be part of the local record.

The court thus applies the statute strictly. Because debtor failed to comply with the requirements of § 34–6 he is not entitled to the claimed Virginia homestead exemption in North Carolina realty. Trustee's objection will be sustained.